USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/27/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOLLY GREEN,

      Plaintiff,

      -against-

HUMANA AT HOME, INC.,

      Defendant.

16-CV-7586 (AJN) (BCM)

**INITIAL CASE MANAGEMENT AND
SCHEDULING ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and

scheduling order pursuant to Fed. R. Civ. P. 16:

1. Joinder and Amendment. Plaintiff may amend her complaint no later than **January 10, 2018**. Defendant's answer to any amended complaint shall be filed no later than **January 24, 2018**. Thereafter, the parties shall not amend their pleadings, or join additional parties, absent leave of the Court.

2. Automatic Disclosures. The parties shall exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **January 19, 2018**.

3. Written Discovery. The parties shall serve their initial requests for production of documents and any initial interrogatories (in compliance with Local Rule 33.3(a)), and shall submit their proposed confidentiality stipulation and order to the Court, no later than **January 30, 2018**.

4. Depositions and Additional Fact Discovery. All remaining fact discovery, including depositions, shall be completed no later than **May 31, 2018**. Written discovery must be propounded in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to this date.

5. Class Certification. Plaintiff shall move for class certification, in accordance with Judge Nathan's Individual Practices, no later than **June 15, 2018**. Defendant shall file its opposition no later than **July 13, 2018**. Plaintiff shall file any reply no later than **July 27, 2018**.

6. Status Conference. Judge Moses will conduct a discovery status conference on **May 1, 2018, at 10:00 a.m.** One week prior to that date, on **April 24, 2018**, the parties shall submit a joint status letter outlining the progress of discovery to date, specifically addressing whether they will need expert discovery, and if so, on what

schedule. The parties shall also outline their settlement efforts and propose dates for a judicially supervised settlement conference or mediation. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

7. Trial. The parties have stated that the anticipated length of trial is three days. Plaintiff has requested a jury trial.

8. Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

9. Discovery of ESI. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

10. Discovery Applications. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient.

11. Amendments to Discovery Rules. Counsel are strongly advised to review the current version of the Federal Rules of Civil Procedure, which were substantially amended in December 2015, before seeking judicial intervention regarding a discovery dispute. Among other things Rule 26(b)(1) has been amended to limit the scope of discovery to matters that are non-privileged, relevant, and "proportional to the needs of the case." Rule 26(g) requires counsel to sign discovery requests, responses, and objections, thereby certifying that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, each disclosure is "complete and correct as of the time it is made," and that each request or objection is "consistent with these rules," not interposed for any improper purpose, and neither unreasonable not unduly burdensome or expensive. Rule 34(b)(2) requires the responding party to "state with

specificity the grounds for objecting to the request, including the reasons," and to do so with respect to "each item or category."

12. Fed. R. Evid. 502(d) Order. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York
     December 21, 2017

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

3