UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOLLY GREEN, on behalf of herself and all others
similarly situated,

                                                    Docket No.: 16-cv-07586 (AJN)

                              Plaintiff,

                 -against-

HUMANA AT HOME, INC, d/b/a/ SENIORBRIDGE
FAMILY COMPANIES, INC.

                              Defendant.
-----------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION
<u>PURSUANT TO FED. R. CIV. P. 23</u>**


JOSEPH & NORINSBERG, LLC
Jon L. Norinsberg, Esq.
Chaya M. Gourarie, Esq.
225 Broadway, Suite 2700
New York, N.Y. 10007
Tel: (212) 227-5700

## TABLE OF CONTENTS

Pages

**PRELIMINARY STATEMENT**…………………………………………………………..………1

**PLAINTIFF'S CLAIMS & FACTUAL ALLEGATIONS**…………………………....…..2

**APPLICABLE LAW**……………………………………………...………………………..3

**PROCEDURAL HISTORY**………………………………………………………..………4

**CLASS CERTIFICATION OF THE NEW YORK STATE CLASS IS WARRANTED**…...7

**STANDARDS FOR CERTIFICATION**……………………………………….………9

**ARGUMENT**……………………………………………………....………………..11

**I.    PLAINTIFF SATISFIES THE REQUIREMENTS
       UNDER RULE 23(a) FOR CLASS CERTIFICATION**…………..………………11

      **A.    Numerosity is Met under Rule 23(a)(1)**……………….….……...….…11

      **B.    Commonality is Met Under Rule 23(a)(2)**…………………..….…12

      **C.    Typicality is met under Rule 23(a)(3)**……………………….……14

           **i.    Variations in Individual Damages Claims do not
                 Defeat Typicality**………………………………………….…16

      **D.    Lead Plaintiff and Counsel Are Adequate under Rule 23(a)(4)**……………17

**II.   PLAINTIFF SATISFIES THE REQUIREMENTS UNDER RULE  23(b)(3)**………19

      **A.    Questions of Law and Fact Predominate**……………………..……………19

      **B.    Individual Damage Claims Do Not Preclude Certification**…………………21

      **C.    A Class Action Is a Superior Method of Adjudication**………………………23

**CONCLUSION**…………………………………………………...….……………..24

*i*

## TABLE OF AUTHORITIES

**PAGES**

Amchem Products, Inc. v. Windsor,
521 U.S. 591 (1997)........................................................................................................ 20

Ansoumana v. Gristede's Operating Corp.,
201 F.R.D. 81 (S.D.N.Y. 2001) ................................................................... 13, 17, 24

Banyai v. Mazur,
205 F.R.D. 160 (S.D.N.Y. 2002) ................................................................... 14

Caridad v. Metro-North Commuter R.R.,
191 F.3d 283 (2d Cir. 1999)........................................................................... 16

Central States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care,
   L.L.C., 504 F.3d 229 (2d Cir. 2007) ............................................................ 11

Collins v. DKL Ventures, LLC,
215 F. Supp. 3d 1059 (D. Colo. 2016) ........................................................... 6

Consolidated Rail Corp. V. Town of Hyde Park.,
47 F.3d 473 (2d Cir. 1995)............................................................................ 12

Cortigiano v. Oceanview Manor Home for Adults,
227 F.R.D. 194 (E.D.N.Y. 2005) .................................................................. 10

Cummings v. Bost, Inc.,
218 F. Supp. 3d 978 (W.D. Ark. 2016) ........................................................... 6

Cuzco v. Orion Builders, Inc.,
262 F.R.D. 325 (S.D.N.Y. 2009) ............................................................. 13, 14

Damassia v. Duane Reade, Inc.,
250 F.R.D. 152 (S.D.N.Y. 2008) .................................................................. 13

De Carrasco v. Life Care Servs., Inc.,
No. 17-Civ-5617 (KBF), 2017 U.S. Dist. LEXIS 206682 (S.D.N.Y. Dec. 15, 2017)........ 6, 19, 21

Deary v. Guardian Loan Co., Inc.,
534 F.Supp 1178 (S.D.N.Y. 1982) ................................................................................. 12

Dillow v. Home Care Network, Inc.,
2017 Dist. LEXIS 27133, 2017 WL 749196 (S.D. Ohio Feb. 27, 2017) ........................................ 6

Duling v. Gristede's Operating Corp.,
267 F.R.D. 86 (S.D.N.Y. 2010)..................................................................................... 15

Espinoza v. 953 Assocs., LLC.,
280 F.R.D. 113 (S.D.N.Y. 2011) ................................................................... 10, 13, 14, 16, 17, 21

Evans v. Caregivers, Inc.,
2017 U.S. Dist. LEXIS 76599, 2017 WL 2212977 (M.D. Tenn. May 19, 2017).......................... 6

Flores v. Anjost Corp.,
284 F.R.D. 112 (S.D.N.Y. 2012) .................................................................................. 11

Freidman-Katz v. Lindt & Sprungli (USA), Inc.,
270 F.R.D. 150 (S.D.N.Y. 2010) .................................................................................. 12

Gortat v. Capala Broths., Inc.,
No. 07-Civ-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010)........................................ 16

Green v. Humana at Home, Inc.,
No. 16-Civ-7586 (AJN), 2017 U.S. Dist. LEXIS 162961 (S.D.N.Y. Sep. 29, 2017)............ *passim*

Guerrero v. Moral Home Servs., Inc.,
247 F. Supp. 3d 1288, 2017 WL 1155885 (S.D. Fla. Mar. 27, 2017) ........................................... 6

Gunnells v. Requa et. al.,
348 F.3d 417 (4th Cir. 2003) ....................................................................................... 21

Hirschfeld v. Stone,
193 F.R.D. 175 (S.D.N.Y. 2000) .................................................................................. 15

Home Care Ass'n of Am. v. Weil,
76 F. Supp. 3d 138 (D.D.C. 2014) ...................................................................... 3, 4, 5, 6

Home Care Ass'n of Am. v. Weil,
78 F. Supp. 3d 123 (D.D.C. 2015) ................................................................................. 3

Home Care Ass'n of Am. v. Weil,
799 F.3d 1084, 1087 U.S. App. D.C. 50 (D.C. Cir. 2015) .................................................. 3, 4, 5, 6

Hypolite v. Health Care Servs. of New York, Inc.,
256 F. Supp. 3d 485 (S.D.N.Y. 2017) ......................................................................... 5, 6, 19,

Ibea v. Rite Aid Corp.,
11 Civ. 5260 (JSR) (HBP), 2012 WL 1193778 (S.D.N.Y. Apr. 3, 2012)..................................... 22

Iglesias-Mendoza v. La Belle Farm, Inc.,
239 F.R.D. 363 (S.D.N.Y. 2007) ......................................................... 14, 15, 19, 20, 22

In re AM Int'l, Inc. Sec. Litig.,
108 F.R.D. 190 (S.D.N.Y. 1985) ......................................................................... 13

In re Blech Sec. Litig.,
187 F.R.D. 97 (S.D.N.Y. 1999) ......................................................................... 11

In re Currency Conversion Fee Antitrust Litig.,
230 F.R.D. 303 (S.D.N.Y. 2004) ......................................................................... 15

In re Deutsche Telekom Ag Sec. Litig.,
229 F Supp. 2d 277 (S.D.N.Y. 2001)......................................................................... 12

In re Drexel Burnham Labbert Group, Inc.,
960 F.2d 285 (2d Cir. 1992)......................................................................... 15, 17

In re Flag Telecom Holdings, Ltd. Sec. Litig.,
574 F.3d 29 (2d Cir. 2009)......................................................................... 10

In re Initial Public Offering Litig.,
471 F.3d 24 (2d Cir. 2006)......................................................................... 10

In re Nassau Cnty. Strip Search Cases,
461 F.3d 219 (2d Cir. 2006) ......................................................................... 23

In re NYSE Specialists Securities Litigation,
260 F.R.D. 55 (S.D.N.Y. 2009) ......................................................................... 13

In re Veeco Instruments, Inc., Sec. Litig.,
235 F.R.D. 220 (S.D.N.Y. 2006) ......................................................................... 11

*iv*

In re Visa Check/MasterMoney,
280 F.3d 124 (2d Cir. 2001).................................................................................... 20, 22

In re WorldCom, Inc. Securities Litig.,
 219 F.R.D. 267 (S.D.N.Y. 2003) ........................................................................... 20

Jackson v. Bloomberg, L.P.,
298 F.R.D. 152 (S.D.N.Y. 2014) .................................................................. 13, 22, 23

Jankowski v. Castaldi,
No. 01-Civ-0164 (SJF)(KAM), 2006 WL 118973 (E.D.N.Y. Jan. 13, 2007) ..................... 13, 17

Jermyn v. Best Buy Stores, L.P.,
256 F.R.D. 418 (S.D.N.Y. 2009) ............................................................................. 13

Kinkead v. Humana, Inc.,
206 F. Supp. 3d 751 (D.Conn. 2016) .................................................................... 1, 6

Kowalski v. YellowPages.com, LLC,
No. 10 Civ. 7318 PGG, 2012 U.S. Dist. LEXIS 46539, 2012 WL 1097350 (S.D.N.Y. Mar. 31,
    2012).......................................................................................................... 11

Krueger v. N.Y. Tel.Co.,
163 F.R.D. 433 (S.D.N.Y. 1995) ............................................................................. 16

Lewis Tree Serv., Inc. v. Lucent Techs.,
211 F.R.D. 228 (S.D.N.Y. 2002) ............................................................................. 11

Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y,
215 F. Supp. 3d 805 (S.D. Iowa 2016) ...................................................................... 6

Marisol A. v. Giuliani,
126 F.3d 372 (2d Cir. 1997)........................................................................... 10, 12, 15

Marshall v. City of New York, et al.,
10-Civ-2714 (JBW) (VVP) (E.D.N.Y. 2012) ............................................................. 18

McLaughlin v. Am. Tobacco Co.,
522 F.3d 215 (2d Cir. 2008)................................................................................... 21

Moore v. PaineWebber, Inc.,
306 F.3d 1247 (2d Cir. 2002) .................................................................................... 20

Myers v. Hertz Corp.,
624 F.3d 537 (2d Cir. 1020) ...................................................................................... 11

Noble v. 93 University Place Corp.,
224 F.R.D. 330 (S.D.N.Y. 2004) ................................................................... 13, 21, 23

Poplawski v. Metroplex on the Atlantic, LLC,
2012 WL 1107711 (E.D.N.Y. Apr. 2, 2012) ............................................................. 20

Ramos v. SimplexGrinnell LP,
796 F. Supp. 2d 346 (E.D.N.Y. 2011) ....................................................................... 17

Reich v. S. New England Telecommunications Corp.,
121 F.3d 58 (2d Cir. 1997)........................................................................................ 22

Robidoux v. Celani,
987 F.2d 931 (C.A.2 (Vt.)1993) ................................................................................ 15

Robinson v. Metro-North Commuter R.R.,
267 F.3d 147 (2d Cir. 2001)................................................................................ 12, 16

Seijas v. Republic of Arg.,
606 F.3d 53 (2d Cir. 2010)........................................................................................ 21

Sewell v. Bovis Lend Lease, Inc.,
2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012)........................................................... 20

Shabazz v. Morgan Funding Corp.,
269 F.R.D. 245 (S.D.N.Y. 2010) .............................................................................. 22

Shillingford v. Astra Home Care, Inc.,
2018 U.S. Dist. LEXIS 29576 (S.D.N.Y. Feb. 23, 2018)............................................ 7

Smellie v. Mount Sinai Hosp.,
2004 WL 2725124 (S.D.N.Y. 2004)......................................................................... 23

Stinson v. City of New York,
282 F.R.D. 360 (S.D.N.Y. 2012) .............................................................................. 18

*vi*

Tagaeva v. BNV Home Care Agency, Inc.,
No. 16-Civ-6869 (RRM) (RLM), 2018 U.S. Dist. LEXIS 42081 (E.D.N.Y. Mar. 13, 2018) ........ 7

Tiro v Public House Investments, LLC,
288 F.R.D. 272 (S.D.N.Y. 2012) ................................................................................... 20, 21

Trief v. Dun & Bradstreet Corp.,
144 F.R.D. 193 (S.D.N.Y. 1992) ........................................................................................ 13

Velez v. Majik Cleaning Serv., Inc.,
03 Civ. 8698 (SAS), 2005 WL 106895 (S.D.N.Y. Jan. 19, 2005) ............................................. 23

Whitehorn v. Wolfgang's Steakhouse, Inc.,
275 F.R.D. 193 (S.D.N.Y. 2011) ........................................................................................ 17

Zeltser v. Merrill Lynch & Co., Inc.,
2014 WL 2111693 (S.D.N.Y. 2014) ..................................................................................... 20

**STATUTES**

FLSA ................................................................................................................... *passim*

N.Y. Lab. Law ...................................................................................................... *passim*

N.Y. Lab. Law § 195 ..................................................................................................... 7, 8, 14

N.Y.Lab Law § 198 ............................................................................................................... 8

The New York Wage Theft Prevention Act ............................................................. 7, 14, 16, 21

**RULES**

Fed. R. Civ. P. 23 ................................................................................................... *passim*

**REGULATIONS**

29 C.F.R. § 552.109 (2015) ................................................................................................... 3

29 C.F.R. § 552.6 (2015) ...................................................................................................... 3

29 C.F.R. Pt. 552 .................................................................................................................. 3

78 Fed. Reg. 60454 (Oct. 1, 2013) ........................................................................................ 3

80 Fed. Reg. 55,029 (Sept. 14, 2015) .................................................................................... 4

80 Fed. Reg. 65,646 (Oct. 27, 2015)................................................................................................. 4

**SECONDARY SOURCES**

Moore's Federal Practice § 23.23 [2] (1997).............................................................................. 21

Moore's Federal Practice § § 23.46[2][a] (3d ed. 2003)…….…………………………………..21, 23

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff Molly Green ("Ms. Green" or "Lead Plaintiff"), on behalf of herself and all others similarly situated, by her attorneys, Joseph & Norinsberg, LLC,  respectfully submits this Memorandum of Law in support of Plaintiff's Motion for Class Certification pursuant to  Rule 23 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P" or "Rule 23"), seeking an Order: i) certifying the class under Fed.R.Civ.P 23(a) and (b)(3) for Defendant's violations of the New York Labor Law; ii) designating Plaintiff as class representative; and iii) designating Plaintiff's counsel as Class Counsel pursuant to Fed.R.Civ.P. 23(g).

In this action, Plaintiff Molly Green, on behalf of herself and all others similarly situated, has brought suit against Humana at Home, Inc. d/b/a Senior Bridge Family Companies, Inc. ("Defendant" or "Humana"), for failing to pay its home health care aides ("HHA's") their lawful wages in compliance with the Federal Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Specifically, Plaintiff brings this action to redress Defendant's failure to pay statutorily mandated overtime rates for home health aides during the period of January 2015 to November  2015 (the "Class Period"), and for failure to provide proper wage notices during this same time frame. [1] This Court has previously determined that Defendant had no basis for failing to pay Ms. Green and all other similarly situated Plaintiffs their overtime wages for the time period of January 1, 2015 to November 12, 2015. <u>See</u> <u>Green v. Humana at Home, Inc.</u>, No. 16-Civ-7586 (AJN), 2017 U.S. Dist. LEXIS 162961 (S.D.N.Y. Sep. 29, 2017).

In this action, Defendant has identified a total of 630 employees who were employed by Humana from September 28, 2010, the date the statutory period commenced under New York

---

[1] There is another wage action that is currently pending against Humana in federal court in Connecticut, <u>Kinkead v. Humana</u>, No. 3:15-cv-01637(JAM).  Since a motion for a collective action under Section 216(b) of the FLSA has already been certified in that action, Plaintiff now brings this motion solely under the NYLL on behalf of New York home health aides who worked for Humana from January 1, 2015 to

State law, until November 12, 2015, the date Humana began complying with the relevant Home Care Final Rule, as set forth in detail below.  Of these 630 employees, approximately 436 home health aides were employed by Humana during the Class Period.  Plaintiff now seeks to certify a class, under Fed. R. Civ. P. 23, on behalf of this group of Humana home health aides, for Humana's violations of the New York Labor Law.

**Plaintiff's Claims & Factual Allegations**

Defendant Humana hired Ms. Green on or about April 2015 to work as a Certified Home Health Aide worker. (See Seclaration of Molly Green ("Green Decl."), at ¶ 2).  Ms. Green's employment ended on or about November 3, 2015. (Id.). During the course of her employment, Ms. Green primarily worked as a "live-in" home health aide and provided care and domestic services to a client on a twenty-four-hour basis. (Id. ¶ 6). While employed as a live-in home health aide, Ms. Green was not permitted to leave the client's home. (Id.). During the day, she was always on call, and during the night she was still on call, as she was awakened repeatedly to assist with trips to the bathroom and other personal needs. However, Ms. Green was not paid for all hours worked, and she was not paid overtime wages at the statutory rate of one-and-one half times her regular pay rate, for all hours worked in excess of forty in a given week. (Id. ¶¶ 7-9).

For several weeks, at the outset of her employment, Ms. Green worked as an "hourly worker," rather than a live-in, during which time she worked a 12-hour shift, from 8:00 a.m. to 8:00 p.m., at the rate of $10.10 an hour. (Id. ¶ 5). However, in this capacity, she was also denied overtime wages at the statutory rate of one-and-one half times her regular pay rate, for all hours worked in excess of forty in a given week. (Id.).

As per the terms of the Home Care Final Rule, which went into effect on January 1, 2015, Ms. Green was no longer considered "exempt" under the FLSA, pursuant to the companion

November 12, 2015.

exemption and the third-party exemption as discussed below. Accordingly, she was entitled to the statutorily required overtime rate. Nonetheless, in willful disregard of its obligations under the law, Humana misclassified Plaintiff as "exempt" and failed to pay her overtime wages at the statutory rate. Likewise, Humana failed to compensate all similarly situated home health care aides their lawful overtime wages. (Id. at ¶ 10).

**Applicable Law**

In October 2013, the Department of Labor ("DOL") issued an interpretive regulation, the "Third Party Employment" regulation, 29 C.F.R. § 552.109 (2015) (the "DOL Regulation"), which stated that "Third party employers of [HHAs] may not avail themselves of the minimum wage and overtime exemption provided by section 13(a) (15) of the Act." At the same time, it implemented a revised definition of "Companionship Services." 29 C.F.R. § 552.6 (2015). The regulations were intended to bring more HHAs into the scope of the FLSA. See Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60454 (Oct. 1, 2013) (codified at 29 C.F.R. Pt. 552). The regulations, referred to as the Home Care Final Rule, were scheduled to take effect on January 1, 2015. Id.

Before they could go into effect, the regulations were challenged in Federal Court, as plaintiffs brought suit stating that the DOL had exceeded its rulemaking authority. The District Court for the District of Columbia agreed, and vacated both regulations. Home Care Ass'n of Am. v. Weil, 76 F. Supp. 3d 138, 147-48 (D.D.C. 2014); Home Care Ass'n of Am. v. Weil, 78 F. Supp. 3d 123, 130 (D.D.C. 2015) ("Weil I"). However, on appeal, the D.C. Circuit vacated the district court's vacatur orders, concluding that the DOL acted well within its authority when it promulgated the regulations, and that the regulations were reasonable in light of congressional intent. Home Care Ass'n of Am. v. Weil, 799 F.3d 1084, 1087, 419 U.S. App. D.C. 50 (D.C. Cir.

2015) ("Weil II").

  After the D.C. Circuit opinion, the DOL issued first, on September 14, 2015, a policy statement notifying the public that it would not bring enforcement actions against employers for violations of the regulations until "30 days after the date the Court of Appeals issues a mandate making its opinion effective." See Application of the Fair Labor Standards Act to Domestic Service; Announcement of 30-Day Period of Non-Enforcement, 80 Fed. Reg. 55,029 (Sept. 14, 2015) (Declaration of Jon L. Norinsberg, Esq. ("Norinsberg Decl."), Ex. C). It noted in the same statement, however, that the regulations "*had an effective date of January 1, 2015*." Id. (emphasis supplied). On October 27, 2015, the DOL released another policy statement, this time identifying November 12, 2015 (30 days after the issue of the mandate) as the last day of the non-enforcement policy. See Application of the Fair Labor Standards Act to Domestic Service; Dates of Previously Announced 30-Day Period of Non-Enforcement, 80 Fed. Reg. 65,646 (Oct. 27, 2015).

  Critically, during the pendency of the Weil I and Weil II litigations, and the DOL's enforcement policies referenced above, the effective date for the Home Care Final Rule remained January 1, 2015. See Application of the Fair Labor Standards Act to Domestic Service; Announcement of Time-Limited Non-Enforcement Policy, 79 Fed. Reg. 60,974 (Oct. 9, 2014) ("The [DOL's] October 1, 2013, Final Rule . . . which extends Fair Labor Standards Act (FLSA) protections to most home care workers will become effective on January 1, 2015. *The Department is not changing this effective date.*") (Norinsberg Decl., Exhibit B). (emphasis supplied).

**Procedural History**

  Plaintiff commenced this action on September 28, 2016.  On December 2, 2016, Humana

4

moved to dismiss the complaint on grounds that the Home Care Final Rule was not yet in effect during Ms. Green's employment [Dkt. 12]. Humana argued that the law went into effect on November 12, 2015, which occurred *after* Ms. Green ended her employment with Humana, rather than January 1, 2015, a date *before* Plaintiff began her employment with Humana. Accordingly, Humana claimed that Ms. Green had been properly classified as an "exempt" worker and, therefore, she had no cognizable causes of action, and dismissal was therefore warranted. (Id.)

In an Opinion and Order dated September 9, 2017, this Court rejected Humana's arguments, and denied Humana's motion to dismiss (hereinafter, the Order"). (Norinsberg Decl., Ex. A). This Court held conclusively that the Home Care Final Rule had gone into effect on January 1, 2015, and that therefore, Ms. Green and all other similarly situated Plaintiffs have cognizable claims. (Order at 1).

In reaching this conclusion, this Court held that the long-standing principles of the retroactivity of judicial opinions warranted that the district court's vacatur had become a nullity as of the date of Weill II, and therefore Humana's reliance on it was effectively meaningless. Green, 2017 U.S. Dist. LEXIS 162961, at *19-20. The Court observed further that "the majority of other district courts to consider this issue" had reached the same conclusion and had held that the Home Care Final Rule had gone into effect on January 1, 2015. Id. at *17. Moreover, "the fact that the DOL has in its discretion decided to delay enforcement of the rules has no effect on when the rules actually became effective or on private enforcement actions."). Id. at *33, citing Hypolite v. Health Care Servs. of New York, Inc., 256 F. Supp. 3d 485, 493 (S.D.N.Y. 2017).

In sum, this Court concluded that Humana had absolutely *no legal basis* for failing to pay Ms. Green and all other similarly situated Plaintiffs their overtime wages for the time period of

January 1, 2015 to November 12, 2015:

> [I]t is not inequitable to apply the <u>Weil II</u> decision retroactively and require Humana to pay its employees in accordance with the DOL's regulation. The regulation had been announced more than a year before it went into effect, providing Humana "ample notice of the obligations to be imposed by the new rule." <u>Id</u>. As a result, Humana had no doubt anticipated and prepared for implementing the regulation's requirements before the <u>Weil I</u> court's temporary vacatur of the rule.

<u>Green,</u> 2017 U.S. Dist. LEXIS 162961, at *27.

Multiple other district courts have reached the same conclusion, and have held that the DOL Regulation was effective as of *January 1, 2015*, the date on which it was originally supposed to take effect. <u>See, e.g.</u>, <u>De Carrasco v. Life Care Servs., Inc.</u>, No. 17-Civ-5617 (KBF), 2017 U.S. Dist. LEXIS 206682, at *9 (S.D.N.Y. Dec. 15, 2017) ("The great majority of courts have found that the DOL Regulation was effective as of January 1, 2015, the date on which it was originally scheduled to take effect."); <u>Hypolite v. Health Care Servs. of New York, Inc</u>., 256 F. Supp. 3d 485, 492-93 (S.D.N.Y. 2017); <u>Evans v. Caregivers, Inc</u>., 2017 U.S. Dist. LEXIS 76599, 2017 WL 2212977, at *3-4 (M.D. Tenn. May 19, 2017); <u>Guerrero v. Moral Home Servs., Inc.</u>, 247 F. Supp. 3d 1288, 2017 WL 1155885, at *3-4 (S.D. Fla. Mar. 27, 2017); <u>Dillow v. Home Care Network, Inc.</u>, 2017 Dist. LEXIS 27133, 2017 WL 749196, at *3-5 (S.D. Ohio Feb. 27, 2017); <u>Cummings v. Bost, Inc.</u>, 218 F. Supp. 3d 978, 986-87 (W.D. Ark. 2016); <u>Collins v. DKL Ventures, LLC</u>, 215 F. Supp. 3d 1059, 1066-67 (D. Colo. 2016); <u>Kinkead v. Humana, Inc.</u>, 206 F. Supp. 3d 751, 755 (D. Conn. 2016); <u>Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y</u>, 215 F. Supp. 3d 805, 810 (S.D. Iowa 2016).

Since this Court's decision in <u>Green</u>, other federal courts have acknowledged the validity and persuasiveness of this Court's analysis in <u>Green</u>.  <u>See, e.g.</u>, <u>De Carrasco</u>, 2017 U.S. Dist. LEXIS 206682, at *11 ("The <u>Green</u> Court's exploration of the presumption against retroactivity

is lengthy and persuasive ….");  Tagaeva v. BNV Home Care Agency, Inc., No. 16-Civ-6869 (RRM) (RLM), 2018 U.S. Dist. LEXIS 42081, at *10-11 (E.D.N.Y. Mar. 13, 2018) (holding that "there is no reason to depart from the general rule that all civil judicial decisions apply retroactively.") (quoting  Green, 2017 U.S. Dist. LEXIS 162961, at *10); Shillingford v. Astra Home Care, Inc., 2018 U.S. Dist. LEXIS 29576, at *13 (S.D.N.Y. Feb. 23, 2018) ("The Court adopts the reasoning of other courts in this Circuit to consider the issue and finds that this amendment took effect on January 1, 2015 …") (citing, inter alia, Green, 2017 U.S. Dist. LEXIS 162961, at * 16).

## Class Certification of The New York State Class Is Warranted

The Court's ruling is now law of the case and it governs the disposition of this motion. A New York State class should therefore be certified under Rule 23(b), based on Defendant's policy of not paying time-and-one-half for overtime hours to Home Health Aides who worked over 40 hours a week during the Class Period.  This policy was applied uniformly both to Home Health Aides who worked 24-hour shifts ("the Live-ins") and Home Health Aides who worked 12-hour day shifts ("the Non-Live-ins"); thus, *all* Class members suffered damages as a result of Humana's unlawful policy.

A New York State class should also be certified because Defendant failed to provide accurate Wage Theft Prevention Act Notices to all Class members during the Class Period. The New York Wage Theft Prevention Act ("NYWTPA"), N.Y.L.L. § 195(3) requires every employer to "furnish each employee with a statement with every payment of wages" that sets forth, among other information, "the dates of work covered by that payment of wages; ... rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

7

minimum wage; and net wages." N.Y. Lab. Law § 195(3). This statement must also "include the regular hourly rate or rates of pay; *the overtime rate or rates of pay;* the number of regular hours worked, *and the number of overtime hours worked*." Id. (emphasis added).  Any employee not provided such a wage statement is similarly entitled to "recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." Id. N.Y.L.L. § 198(1–d).

Here, it is undisputed that Defendant failed to pay proper overtime wages to its home health aides during the Class Period because it improperly classified Plaintiff and class members as "exempt" after January 1, 2015.  This *necessarily* means that Defendant's wage notices were inaccurate and misleading, since these notices did not contain any mention of statutory overtime wage rates mandated by New York law. Plaintiff's own paystubs confirm that Humana did not record the correct pay overtime rate. (Green Decl., Ex. A).

Accordingly, Plaintiff respectfully requests that this Court issue an Order certifying a NYLL Class under Rule 23. The proposed Rule 23 class is:

> All persons employed by Defendant to perform work as Home Health Aides between January 1, 2015, and November 12, 2015, who: (1) worked in excess of forty hours per week without receiving time-and-a-half overtime compensation; and (2) who were not issued pay stubs/wage statements that accurately listed their overtime rate of pay for each hour worked over forty in a given workweek.

As explained below, Plaintiff clearly satisfies the requirements for class certification under Fed.R.Civ.P. 23(a) and 23(b)(3). First, under Rule 23(a), the Plaintiff easily meets the requirement of numerosity, as there are approximately 436 home health aides who were employed by Humana in New York during the Class Period.  Second, there are questions of law and fact common to all Rule 23 Plaintiffs, as Humana deliberately misclassified all class

members as being "exempt" from the FLSA's overtime requirements, and therefore, did not pay them proper overtime rates for all hours worked over forty in a workweek.  Third, Plaintiff's claims are typical, if not identical, to the Class' claims as they all arose from the same unlawful pay practice.  Fourth, Plaintiff is an adequate class representative, as her interests are consistent with the other class members, and she is represented by counsel with extensive experience in wage and hour cases and in litigating class actions.

Plaintiff also clearly satisfies the requirements of Rule 23(b)(3). First, Plaintiff's factual allegations are common to the entire class of Rule 23 Plaintiffs, and the same legal theory predominates over any factual or legal variances among the class members.  Second, because individual litigation for each putative class member would be costly and burdensome for both the individuals and the Court, a class action is superior to all other methods of adjudication in this controversy. Therefore, Plaintiff respectfully requests that this Court certify the proposed class because it meets all the requirements of Rule 23, and designate her as class representative and Plaintiff's counsel as Class Counsel pursuant to Fed.R.Civ.P. 23(g)

## STANDARDS FOR CERTIFICATION

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure.  A party seeking class certification must first show that the class action satisfies the following four requirements:

> (1) the class is so *numerous* that joinder of all members is impracticable, (2) there are questions of law or fact *common* to the class, (3) the claims or defenses of the representative parties are *typical* of the claims or defenses of the class, and (4) the representative parties will fairly and *adequately* protect the interest of the class.

Fed. R. Civ. P. 23(a) (emphasis added).

The party seeking class certification must also satisfy one of the categories set forth in Rule 23(b).  Here, certification is sought through Rule 23(b)(3), requiring that:

9

the court finds that the questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3) (emphasis added).

The Second Circuit's well-settled standard for class certification holds that:

(1) a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met; (2) such determination can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met; (3) the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement; (4) in making such determinations, a district judge should not assess any aspect of the merits unrelated to a rule 23 requirement; ...

In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 34-35 (2d Cir. 2009) (quoting In re Initial Public Offering Litig., 471 F.3d 24 (2d Cir. 2006) ("In re IPO")).  The Second Circuit has cautioned that the district court must "avoid the risk that a Rule 23 hearing will extend into a protracted mini-trial of substantial portions of the underlying litigation, [such that] a district judge must be accorded considerable discretion to limit both discovery and the extent of the hearing on Rule 23 requirements."  In re IPO, 471 F.3d at 41.

The Second Circuit has also emphasized that Rule 23 should be "given liberal rather than restrictive construction," Marisol A. v. Giuliani, 126 F.3d 372, 377 (2d Cir. 1997), and thus, "it seems beyond peradventure that the Second Circuit's general preference is for granting rather than denying class certification." Cortigiano v. Oceanview Manor Home for Adults, 227 F.R.D. 194, 203 (E.D.N.Y. 2005); Espinoza v. 953 Assocs., LLC., 280 F.R.D. 113, 124 (S.D.N.Y. 2011)

10

(citations omitted). This is because the court can alter or amend a class certification order at any time before final judgment, "when a court is in doubt as to whether or not to certify a class action, *the court should err in favor of allowing the class to go forward.*"  In re Veeco Instruments, Inc., Sec. Litig., 235 F.R.D. 220, 237 (S.D.N.Y. 2006) (quoting In re Blech Sec. Litig., 187 F.R.D. 97, 102 (S.D.N.Y. 1999)) (emphasis supplied).

"A motion for class certification should not ... become a mini-trial on the merits." Lewis Tree Serv., Inc. v. Lucent Techs., 211 F.R.D. 228, 231 (S.D.N.Y. 2002). "The dispositive question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." Kowalski v. YellowPages.com, LLC, No. 10 Civ. 7318 PGG, 2012 U.S. Dist. LEXIS 46539, 2012 WL 1097350, at *12 (S.D.N.Y. Mar. 31, 2012) (quoting Lewis Tree Serv., 211 F.R.D. at 231). In sum, the Court's task at the Rule 23 stage is not to resolve the liability question, but to decide "whether the constituent issues that bear on [Defendants'] ultimate liability are provable in common." Myers v. Hertz Corp., 624 F.3d 537, 549 (2d Cir. 1020) (emphasis added); Flores v. Anjost Corp., 284 F.R.D. 112, 122 (S.D.N.Y. 2012).  Based on the foregoing principles, the within Class should be certified.

## ARGUMENT

## I.    PLAINTIFF SATISFIES THE REQUIREMENTS UNDER RULE 23(a) FOR CLASS CERTIFICATION

### A.  Numerosity is Met under Rule 23(a)(1)

The Class easily satisfies Rule 23(a)(1)'s numerosity requirement, as the putative class is "sufficiently numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Numerosity does not require a showing that joinder is impossible, but only that "the difficulty or inconvenience of joining all members of the class make use of the class action appropriate." Central States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care,

L.L.C., 504 F.3d 229, 244-45 (2d Cir. 2007).  In fact, "a level of 40 [class] members" satisfies the numerosity requirement in the Second Circuit. Consolidated Rail Corp. V. Town of Hyde Park., 47 F.3d 473, 483 (2d Cir. 1995) (affirming class certification).  Furthermore, when showing numerosity, "plaintiffs need not demonstrate with precision the number of persons in the purported class to satisfy the requirement that joinder be impracticable where such a conclusion is clear from reasonable estimates." Deary v. Guardian Loan Co., Inc., F.Supp 1178, 1190 (S.D.N.Y. 1982) (certifying class). See also Freidman-Katz v. Lindt & Sprungli (USA), Inc., 270 F.R.D. 150, 155 (S.D.N.Y. 2010) ("The certification of a class may proceed on estimates"). Here, preliminary discovery has revealed that there are at least 436 members of the New York Class.  This estimate easily surpasses the Second Circuit's presumptive threshold of forty members.

Furthermore, as the litigation progresses in this case, there may very well be additional class members.  See In re Deutsche Telekom Ag Sec. Litig., 229 F Supp. 2d 277, 281 (S.D.N.Y. 2001) (finding that the numerosity requirement was met even though plaintiffs did not know the precise number of class members but estimated the number to be in the thousands). Thus, the Class clearly meets Rule 23(a)(1)'s numerosity requirement, because the class size exceeds forty and joinder of all possible members of the Class as individual plaintiffs would be exceedingly difficult and inconvenient.

### B.  Commonality is Met Under Rule 23(a)(2)

"The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact."  Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 155 (2d Cir. 2001) (quoting Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997)).  Class members are not required to share all of the same questions of law or fact. "[C]ourts have liberally construed the

commonality requirement to mandate a minimum of one issue common to all class members."
Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 156 (S.D.N.Y. 2008) (quoting Trief v. Dun & Bradstreet Corp., 144 F.R.D. 193, 1998-99 (S.D.N.Y. 1992)). Furthermore, "[i]t is well-established that individual questions with respect to damages will not defeat class certification . . . unless that issue creates a conflict which goes to the heart of the lawsuit." Jermyn v. Best Buy Stores, L.P., 256 F.R.D. 418, 429 (S.D.N.Y. 2009); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 86 (S.D.N.Y. 2001); In re AM Int'l, Inc. Sec. Litig., 108 F.R.D. 190, 196 (S.D.N.Y. 1985). Thus, "even a single common legal or factual question will suffice" to satisfy the commonality requirement as to a particular claim. In re NYSE Specialists Securities Litigation, 260 F.R.D. 55, 70 (S.D.N.Y. 2009).

"In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 163 (S.D.N.Y. 2014). Thus, "claims by workers that their employers have unlawfully denied them wages to which they were legally entitled have been repeatedly held to meet the commonality prerequisite." Espinoza v. 953 Associates LLC, 280 F.R.D. 113, 127 (S.D.N.Y. 2011). Accord Cuzco v. Orion Builders, Inc., 262 F.R.D. 325, 334 n.20 (S.D.N.Y. 2009) (finding commonality where defendants' pay practices were common to the class members' claims of NYLL violations); Jankowski v. Castaldi, 2006 WL 118973, at *2-3 (E.D.N.Y. Jan. 13, 2006) (finding commonality among plaintiffs who alleged NYLL violations in that they had been denied overtime wages pursuant to defendants' policy); Noble v. 93 University Place Corp., 224 F.R.D. 330, 342-43 (S.D.N.Y. 2004) (finding commonality among plaintiffs harmed by a common practice in violation of the NYLL to deny adequate compensation to employees for overtime hours).

Here, there are numerous "questions of law or fact common to the class," such as:

1. Whether Defendant permitted its home health aides to work over forty hours per week from January 1, 2015 and November 12, 2015;

2. Whether Defendant paid time-and-one-half the regular rate for overtime hours worked by home health aides between January 1, 2015 and November 12, 2015;

3. Whether Defendant issued proper wage notices under the NYWTPA (N.Y.L.L. § 195(3)) to its home health aides between January 1, 2015 and November 12, 2015 that accurately listed their overtime rate of pay during this period.

With these common questions, Plaintiffs have established commonality. See Espinoza, 280 F.R.D. at 127 ("claims by workers that their employers have unlawfully denied them wages to which they were legally entitled have repeatedly been held to meet the commonality prerequisite for class certification"); Cuzco v. Orion Builders, Inc., 262 F.R.D. 325, 333 (S.D.N.Y. 2009); (commonality met where complaint raised same claims on behalf of proposed class members that, inter alia, Defendants failed to pay plaintiffs overtime compensation); Iglesias-Mendoza, 239 F.R.D. at 371 (commonality met where complaint raised questions of law and fact common to all class members, including, inter alia, factual questions regarding defendants' payroll practices and overtime policy, and all class members would rely on same allegedly wrongful conduct of defendants and would make same legal arguments in support of their New York Labor Law claims). Thus, the Class satisfies the commonality requirement of Rule 23(a)(2). Banyai v. Mazur, 205 F.R.D. 160 (S.D.N.Y. 2002) ("The commonality requirement is met here because the named plaintiffs' claims arise from the same course of conduct and are based on the same legal theories as all of the class members.").

## C. Typicality is met under Rule 23(a)(3)

Ms. Green's claims are typical of the Class members' claims.  Rule 23(a)(3)'s typically

requirement is satisfied when the plaintiff shows that "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the Defendant's liability." Marisol A., 126 F.3d at 376 (citing In re Drexel Burnham Labbert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992)) (internal citations omitted) (typically requirement met when all plaintiffs' claim were for defendant's violations of the same laws). The requirement of typicality under Rule 23(a)(2) overlaps or merges with that of commonality under Rule 23(a)(3). Iglesias-Mendoza, 239 F.R.D. at 370-71; In re Currency Conversion Fee Antitrust Litig., 230 F.R.D. 303, 307 (S.D.N.Y. 2004) (citing Marisol, 126 F.3d at 376) ("The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)."). "The commonality and typicality requirements, together, require Plaintiffs to show that they raise questions of fact or law, arising out of a single course of conduct or set of events, that are common to all putative class members and that their individual claims and circumstances are sufficiently similar to those of the absent class members so as to ensure that the named plaintiffs will press the claims of all class members." Duling v. Gristede's Operating Corp., 267 F.R.D. 86, 97 (S.D.N.Y. 2010).

"The crux of [the typicality] requirement [ ] is to ensure that 'maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" Marisol, 126 F.3d at 376 (internal citation omitted). Accord Hirschfeld v. Stone, 193 F.R.D. 175, 182-83 (S.D.N.Y. 2000). Specifically, the "typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability ... irrespective of minor variations in the fact patterns underlying the individual claims." Robidoux v. Celani, 987 F.2d 931, 936-37

(C.A.2 (Vt.)1993); accord Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 155 (2d Cir. 2001). However, "there is no requirement that the precise factual circumstances of each class plaintiff's claim be shared by the named plaintiff." Gortat v. Capala Broths., Inc., No. 07-Civ-3629 (ILG), 2010 WL 1423018, at *4 (E.D.N.Y. Apr. 9, 2010). The factual background of the named plaintiff's claim need not be identical to that of the putative class members as long as "the disputed issue of law or fact occup[ies] essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 293 (2d Cir.1999) (citing Krueger v. N.Y. Tel.Co., 163 F.R.D. 433, 442 (S.D.N.Y. 1995)).

Here, the named Plaintiff's claims are typical of the claims of the class, since all claims arise from Defendant's practice of failing to pay overtime wages for all home health aides, whether Live-ins or non-Live-ins, and failing to provide proper wage notices under the NYWTPA since all putative class members have the same legal claims, the typicality requirement is met. See Espinoza, 280 F.R.D. at 127-28 ("The typicality requirement is also satisfied… [T]he minimum wage and overtime claims alleged by Plaintiffs are similar to those of the class members and arise from the same allegedly unlawful practices and policies."). Likewise, any possible defense that could be raised by Humana would also be typical of defenses that could be raised against the Class as a whole.  Since both the "claims [and] defenses of the representative parties are typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), Plaintiff clearly satisfies the requirement of typicality under Rule 23(a)(3).

### i.    Variations in Individual Damages Claims do not Defeat Typicality

While Plaintiff's claims might present individualized questions regarding the number of hours worked, and how much each employee is entitled to be paid, these differences go simply to

the question of *damages*, not to the commonality and typicality of their claims. "Numerous courts have found that wage claims are especially suited to class litigation—perhaps 'the most perfect questions for class treatment'—despite differences in hours worked, wages paid, and wages due." Espinoza, 280 F.R.D. at 128, quoting Ramos v. SimplexGrinnell LP, 796 F. Supp. 2d 346, 359 (E.D.N.Y. 2011). See also Whitehorn v. Wolfgang's Steakhouse, Inc., 275 F.R.D. 193, 199 (S.D.N.Y. 2011) ("'[D]ifferences among the Plaintiffs as to the number of hours worked, the precise work they did, and the amount of pay they received concern the amount of damages to which any individual Plaintiff might be entitled,' but do not defeat typicality for Rule 23 purposes"), quoting Ansoumana, 201 F.R.D. at 86.

Here, there can be no doubt that Humana had company-wide wage policies which included refusing to pay proper overtime wages and failing to give proper wage notices for overtime work. Thus, the typicality requirement is met. Id.

### D. Lead Plaintiff and Counsel Are Adequate under Rule 23(a)(4)

Rule 23(a)(4) provides that, in order to certify a class, its proponents must show that "the representative parties will fairly and adequately protect the interests of the class" Fed. R. Civ. P.23(a)(4). The Second Circuit has held that the threshold for meeting "adequacy of representation" is "[first,] class counsel must be 'qualified, experienced and generally able' to conduct the litigation. Second, the class members must not have interests that are 'antagonistic' to one another." In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992) (internal citations omitted); Jankowski v. Castaldi, No. 01-Civ-0164 (SJF)(KAM), 2006 WL 118973 at *3-4 (E.D.N.Y. Jan. 13, 2007).

Plaintiffs are represented by Joseph & Norinsberg, LLC ("the Firm"). The Firm has extensive experience in complex employment cases. The Firm focuses on employment law

cases, including wage and hour issues, and is highly qualified, experienced and able to conduct the present litigation. To date, Joseph & Norinsberg, LLC, has represented hundreds of individual employees in wage and hour matters. (Norinsberg Decl. ¶ 12).

Jon L. Norinsberg, the lead counsel for Plaintiff's class, has previously been acknowledged by Judge Sweet for his experience and competence. See Stinson v. City of New York, 282 F.R.D. 360 (S.D.N.Y. 2012) (noting that Jon L. Norinsberg is "competent and experienced in federal class action and federal civil rights litigation."). Similarly, in Marshall v. City of New York, et al., 10-Civ-2714 (JBW) (VVP) (E.D.N.Y. 2012), Magistrate Judge Pohorelsky noted that "Mr. Norinsberg has been practicing for over twenty years and has an extensive background in litigating complex civil rights and constitutional law cases."  (Id.  ¶ 15).

The other lead counsel for Plaintiff, Bennitta L. Joseph, is a former prosecutor with the New York District Attorney's office, has been involved in active litigation for close to twenty years, during which time she participated in over 30 trials, and obtained many favorable trial verdicts and settlements for her clients. (Norinsberg Decl. ¶ 18). Ms. Joseph, a skilled litigator, has been extensively involved in this litigation from the outset.

Additionally, Chaya Gourarie, a fifth year associate, has assumed primary responsibility for the day-to-day management of the within litigation. She has addressed all legal and procedural issues that have arisen during the course of the litigation, and has drafted all relevant motion practice. (Norinsberg Decl. ¶ 19). Ms. Gourarie has demonstrated exceptional ability when it comes to legal analysis and writing, and in that capacity, she has been actively involved in several of the law firm's collective and class actions. (Id.). Accordingly, there can be no dispute that the class is represented by accomplished counsel with significant experience.

With respect to the second prong, the class members do not have interests that are

antagonistic to one another. The Plaintiff raises claims under the NYLL that are applicable to all members of the class. (Green Decl. ¶ 10). The interests of the named Plaintiff -- to collect unpaid overtime wages -- do not differ from those of the class. (Id. ¶¶ 13-14). The representative Plaintiff has adequate personal knowledge of the essential facts of the case. See Iglesias-Mendoza, 239 F.R.D. at 372. Such knowledge is demonstrated by the named Plaintiff's Declaration attached herein.

In sum, Plaintiff has met all of the requirements under Rule 23(a).  Accordingly, Class certification is warranted.  See De Carrasco, 2017 U.S. Dist. LEXIS 206682 at *20  (granting certification for home health aides class based on the same wage violation as here, and noting that "Plaintiff's allegations of commonality, typicality, and adequacy are simple, strong, and virtually unchallenged"). See also Hypolite v. Health Care Services of New York Inc., 256 F.Supp.3d 485, 494 (S.D.N.Y. 2017) ("Hence, for the period of January 1, 2015 to October 13, 2015, the plaintiff has demonstrated that she and others like her were treated in a similar fashion under a common policy, namely, the defendants' refusal to apply the revised Home Health Aide Exemption pursuant to which the defendants began paying overtime to the plaintiff and others like her as of October 13, 2015.").

## II. PLAINTIFF SATISFIES THE REQUIREMENTS UNDER RULE 23(b)(3)

Under Rule 23(b)(3), a class may be certified only where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In this case, common questions of law and fact predominate and a class action is a superior method of adjudication.

### A.    Questions of Law and Fact Predominate

The predominance requirement evaluates whether a proposed class is cohesive enough to merit adjudication by representation. See Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002). Predominance will be established if "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." (Id.). Consequently, to determine whether common questions of law or fact predominate, a court must focus "on the legal or factual questions that qualify each class member's case as a genuine controversy ... [and] test[ ] whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 623 (1997). See also In re Visa Check/MasterMoney, 280 F.3d 124, 135 (2d Cir. 2001); In re WorldCom, Inc. Securities Litig., 219 F.R.D. 267, 287-88 (S.D.N.Y. 2003).

In this case, as in most actions based on FLSA and NYLL overtime and minimum wage violations, "[c]ommon factual allegations and a common legal theory predominate over any factual or legal variations among class members." Zeltser v. Merrill Lynch & Co., Inc., 2014 WL 2111693, at *3 (S.D.N.Y. 2014).  See also Sewell v. Bovis Lend Lease, Inc., 2012 WL 1320124, at *5 (S.D.N.Y. Apr. 16, 2012) ("A common nexus of fact or law, particularly in FLSA cases, can include the fact that plaintiffs were subject to the same company-wide policy that violated the federal labor laws."). Moreover, "numerous courts have found that wage claims are especially suited to class litigation—perhaps the most perfect questions for class treatment—despite differences in hours worked, wages paid, and wages due." Tiro v Public House Investments, LLC, 288 F.R.D. 272, 281 (S.D.N.Y. 2012); Iglesias-Mendoza, 239 F.R.D. at 373; Poplawski v. Metroplex on the Atlantic, LLC, 2012 WL 1107711, at *10 (E.D.N.Y. Apr. 2,

2012); Espinoza, 280 F.R.D. at 128. Crucially, "[v]ariations in the number of hours worked goes to the question of damages and does not defeat predominance." Tiro, 288 F.R.D. at 281 (quoting Noble, 224 F.R.D. at 245).

Here, the predominant legal issue for the Class is whether Defendant's misclassification of home health aides as "exempt" under the FLSA, from January 1, 2015 to November 12, 2015, violated New York State Labor Law requiring overtime pay for this class of workers. The second core legal issue, related to the first, is whether or not Defendant, because of its misclassification of home health aides during the Class Period, violated NYWTPA by failing to give proper wage notices to Class members during this time. Since these legal issues predominate over any other issues, certification of the class under New York law is warranted. See De Carrasco, 2017 U.S. Dist. LEXIS 206682 at *22 (certifying class of home health aides for the same wage violation: "common questions predominate over individualized ones for the challenged period—January 1, 2015 through October 13, 2015. Therefore, the Court certifies a New York class of employees who were not paid time and one half for overtime after January 1, 2015.").

**B.    Individual Damage Claims Do Not Preclude Certification**

"[I]t is well-established that the fact that damages may have to be ascertained on an individual basis is not sufficient to defeat class certification." Seijas v. Republic of Arg., 606 F.3d 53, 58 (2d Cir. 2010) (citing McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 231 (2d Cir. 2008)). Indeed, "Rule 23 contains no suggestion that the necessity for individual damage determinations destroys commonality, typicality or predominance, or otherwise forecloses class certification. In fact, Rule 23 explicitly envisions class actions with such individualized damage determinations." Gunnells v. Requa et. al., 348 F.3d 417, 427-28 (4th Cir. 2003) (citing Fed. R. Civ. P. 23 advisory committee's note (1966 Amendment, subdivision (c) (4)). See also Moore's

Federal Practice § 23.23 [2] (1997) ("The necessity of making an individual determination of damages for each class member generally does not defeat commonality.").

Here, the above-referenced liability issues are subject to generalized proof. Once those class-wide issues are resolved, the remaining factual questions are minor. As the court found in Iglesias-Mendoza:

> The issues to be litigated are whether the class members (1) were supposed to be paid the minimum wage as a matter of law and were not, and (2) were supposed to be paid overtime for working more than 40 hours a week and were not. *These are perfect questions for class treatment.* Some factual variation among the circumstances of the various class members is inevitable and does not defeat the predominance requirement.

239 F.R.D. at 373 (emphasis supplied).

Where common questions of law and fact predominate with respect to liability, as they do here, the existence of individual questions as to damages is generally immaterial. See In re Visa, 280 F.3d at 136 (if common issues predominate as to liability, court should ordinarily find predominance even if some "individualized damage issues" exist); Shabazz v. Morgan Funding Corp., 269 F.R.D. 245, 250-51 (S.D.N.Y. 2010) ("Any class action based on unpaid wages will necessarily involve calculations for determining individual class member damages, and the need for such calculations do not preclude class certification.").

Furthermore, any testimony required to prove the extent of the damages can be done with representative testimony. See Reich v. S. New England Telecommunications Corp., 121 F.3d 58, 67 (2d Cir. 1997) ("[I]t is well-established that the [plaintiff] may present the testimony of a representative sample of employees as part of his proof of the prima facie case under the FLSA"); Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 168 (S.D.N.Y. 2014) ("Given the overall uniformity of the class in this case, as well as its vastly smaller size, representative testimony is likely to be appropriate."); Ibea v. Rite Aid Corp., 11 Civ. 5260 (JSR) (HBP), 2012 WL

1193778, *1 (S.D.N.Y. Apr. 3, 2012) ("[I]n cases where records do not exist, or where they are 'false and inaccurate,' a plaintiff may rely on 'fairly representative testimony' to prove damages.") (citations omitted).

Here, Plaintiff has retained a statistical sampling expert, Daniel Levy, who has special expertise in wage and hour claims (Norinsberg Decl. ¶ 8, Ex. D), to extrapolate damages for the entire class. Thus, there is an objective way to calculate a significant portion of damages without resorting to individualized inquiries. Accordingly, individualized damages issues would be minimized.[2]

### C.   A Class Action Is a Superior Method of Adjudication

The superiority question under Rule 23(b)(3) requires a court to consider whether a class action is superior to other methods of adjudication. The court should consider, inter alia, "the interest of the members of the class in individually controlling the prosecution or defense of separate actions" and "the difficulties likely to be encountered in the management of a class action." Noble, 224 F.R.D. at 339.

In wage cases, Courts in this district have routinely certified classes that are premised on company-wide wage policies that violate state and federal law. See e.g., Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 169 (S.D.N.Y. 2014) ("A class action is a superior method to individually litigating the NYLL claims."); Smellie v. Mount Sinai Hosp., 2004 WL 2725124, at *7

---

[2] Alternatively, if necessary, the Court can bifurcate this case into liability and damages phases and certify a class as to liability issues only. See In re Nassau Cnty. Strip Search Cases, 461 F.3d 219, 227 (2d Cir. 2006) ("a court may employ [Rule 23(c)(4)(A)] to certify a class as to liability regardless of whether the claim as a whole satisfies Rule 23(b)(3)'s predominance requirement"); Velez v. Majik Cleaning Serv., Inc., 03 Civ. 8698 (SAS), 2005 WL 106895, *4 (S.D.N.Y. Jan. 19, 2005); quoting 5 James Wm. Moore et al., Moore's Federal Practice § 23.46[2][a] (3d ed. 2003)) (certifying class for liability issues only; "[I]f common questions predominate over individual questions as to liability, courts generally find the predominance standard of Rule 23(b)(3) to be satisfied even if individual damages issues remain. Courts often bifurcate trials into liability and damages phases in order to sever common liability questions from individual damages issues.").

(S.D.N.Y. 2004) (holding, in an analogous wage and hour case, that "a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted."); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 89 (S.D.N.Y. 2001) (same).

Furthermore, the management of a class action in this matter is not complex, and all the legal and factual issues can be resolved in a single proceeding. Resolving the predominant issues in a single action is more efficient than relitigating them in many different individual actions. Adjudication of the common issues of law and fact is in the interest of all class members and they are well represented by Lead Plaintiff and counsel. It avoids competing decisions on the predominant issues and offers finality. There is no device other than a class action that can expediently and conclusively resolve these matters in this case.

<u>**CONCLUSION**</u>

For all the reasons set forth above, Plaintiff respectfully request that, pursuant to Fed.R.Civ.P. 23(a) and (b), this Court certify the proposed class, designate Plaintiff as a class representative and designate Plaintiff's counsel as Class Counsel pursuant to Fed.R.Civ.P. 23(g).

Date:  New York, New York
       April 19, 2018

                                        Respectfully submitted,

                                        JOSEPH & NORINSBERG, LLC

                                        By:_____
                                        Jon L. Norinsberg, Esq.
                                        Chaya Gourarie, Esq.
                                        225 Broadway Suite 2700
                                        New York, N.Y. 10007
                                        Tel: (212) 791-5396/7
                                        Fax: (212) 406-6890
                                        *Attorneys for Plaintiff and Putative Class*

TO:

JACKSON LEWIS P.C.
Noel P. Tripp, Esq.

24

58 South Service Road, Suite 250
Melville, NY 11747
Tel: (631) 247 0404
Fax: (631) 247 0425
*Attorneys for Defendant*