UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MOLLY GREEN, on behalf of herself and all others
similarly situated,

                                                        Docket No.: 16-cv-07586 (AJN)

                              Plaintiff,

                -against-

HUMANA AT HOME, INC, d/b/a/ SENIORBRIDGE
FAMILY COMPANIES, INC.

                           Defendant.
----------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

JOSEPH & NORINSBERG, LLC
Jon L. Norinsberg, Esq.
Chaya M. Gourarie, Esq.
225 Broadway, Suite 2700
New York, N.Y. 10007
Tel: (212) 227-5700

# TABLE OF CONTENTS

**Pages**

**PRELIMINARY STATEMENT**…………………………………………………….…….1

**PROCEDURAL HISTORY**……………………………………………..……...…..2

**STATEMENT OF FACTS**………………………………...………………...……………..3

**STANDARD FOR SUMMARY JUDGMENT**……………………….…………………….……3

**ARGUMENT**…………………………………………………......…..……………..4

**I.**   **PLAINTIFF AND CLASS MEMBERS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR OVERTIME CLAIMS**…………..…….…..4

      **A.**   **Summary Judgment is Proper, as There are no Disputed Issues of Fact** …………….…………….…………………………..…..4

      **B.**   **It is Undisputed that Humana Improperly Classified its Home Health Aides from January 1, 2015 Until November 12, 2015**………………5

      **C.**   **This Court Has Previously Held That Humana Is Required to Pay Its Employees in Accordance with The DOL's Regulation as of January 1, 2015**……………………………………………..………..8

**II.**   **PLAINTIFF AND CLASS MEMBERS ARE ENTITLED TO SUMMARY JUDGMENT OF THEIR NYWTPA WAGE STATEMENT CLAIMS** …………………….………………………......…10

      **A.**   **It is Undisputed that Humana Provided its Employees with Inaccurate Wage Statements from January 1, 2015 through November 12, 2015**……………………………………………10

**III.**   **HUMANA'S PORTAL-TO-PORTAL AFFIRMATIVE DEFENSE FAILS AS A MATTER OF LAW**……………………………………………..12

**CONCLUSION**…………………………………….…….…....…..……………..15

## TABLE OF AUTHORITIES

**PAGES**

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .................................................... 3

Burt Rigid Box, Inc. V. Travelers Prop. Cas. Corp.,
302 F.3d 83 (2d Cir. 2002) ............................................................................................... 3

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) .................................................................................................... 3, 15

Collins v. DKL Ventures, LLC,
215 F. Supp. 3d 1059 (D. Colo. 2016) ............................................................................. 8

Cowell v. Utopia Home Care, Inc.,
No. 14-Civ-736 (LDW) (SIL), 2016 WL 4186976 (E.D.N.Y. Aug. 8, 2016) ................ 6

Cummings v. Bost, Inc.,
218 F. Supp. 3d 978 (W.D. Ark. 2016) ........................................................................... 8

Cuzco v. Orion Builders, Inc.,
262 F.R.D. 325 (S.D.N.Y. 2009) ................................................................................... 15

D'Amico v. City of New York,
132 F.3d 145 (2d Cir. 1998) ............................................................................................ 4

Davis v. New York,
375 F.3d 196 (2d Cir. 2004) ............................................................................................ 4

De Carrasco v. Life Care Servs., Inc.,
No. 17-Civ-5617 (KBF), 2017 U.S. Dist. LEXIS 206682 (S.D.N.Y. Dec. 15, 2017) ............... 8, 9

De Jesus De Luna-Guerrero v. N.C. Grower's Ass'n,
370 F. Supp. 2d 386, 2005 U.S. Dist. LEXIS 9514 (ED NC Apr. 25, 2005) .............................. 13

Equal Emp't Opportunity Comm'n v. Home Ins. Co.,
672 F.2d 252 (2d Cir.1982) ................................................................................. 12, 13, 14

Evans v. Caregivers, Inc.,
2017 U.S. Dist. LEXIS 76599, 2017 WL 2212977 (M.D. Tenn. May 19, 2017) ........................... 8

Feingold v. New York,
366 F.3d 138 (2d Cir. 2004) ............................................................................................ 3

Gibbs-Alfano v. Barton,
281 F.3d 12 (2d Cir. 2002)....................................................................................... 3

Green v. Humana at Home, Inc.,
No. 16-Civ-7586 (AJN), 2017 U.S. Dist. LEXIS 162961 (S.D.N.Y. Sep. 29, 2017)............ *passim*

Guerrero v. Moral Home Servs., Inc.,
247 F. Supp. 3d 1288, 2017 WL 1155885 (S.D. Fla. Mar. 27, 2017) ........................................... 8

Introna v. Allstate Ins. Co.,
850 F. Supp. 161 (E.D.N.Y. 1993) ........................................................................... 5

Jennings v. New York State Office of Mental Health,
786 F. Supp. 376 (S.D.N.Y. 1992) ........................................................................... 5

Heublein, Inc. v. U.S.,
996 F.2d 1455 (2d Cir. 1993) ................................................................................. 5

Home Care Ass'n of Am. v. Weil,
76 F. Supp. 3d 138 (D.D.C. 2014), rev'd, 799 F.3d 1084 (D.C. Cir. 2015).......................... *passim*

Home Care Ass'n of Am. v. Weil,
799 F.3d 1084 (D.C. Cir. 2015)............................................................................. *passim*

Hypolite v. Health Care Servs. of New York, Inc.,
256 F. Supp. 3d 485 (S.D.N.Y. 2017) ................................................................... 8, 13

Inclan v. New York Hospitality Group, Inc.,
95 F.Supp.3d 490 (S.D.N.Y. 2015) ......................................................................... 11

Jeffreys v. City of New York,
426 F.3d 549 (2d Cir. 2005).................................................................................. 4

Kinkead v. Humana, Inc.,
206 F. Supp. 3d 751 (D.Conn. 2016) .................................................................... 9, 10

Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y,
215 F. Supp. 3d 805 (S.D. Iowa 2016) .................................................................. 9, 10

Mascol v. E & L Transp., Inc.,
387 F. Supp. 2d 87 (E.D.N.Y. 2005) ................................................................... 13, 14

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574, 106 S.Ct 1348, 89 L.Ed.2d 538 (1986) .............................................................. 3, 4

Orange Lake Associates, Inc. v. Kirkpatrick,
825 F.Supp. 1169 (S.D.N.Y. 1993) ....................................................................................... 15

Rodriguez v. Avondale Care Group, LLC,
No. 16-Civ-03084 (SN), 2018 WL 1582433 (S.D.N.Y. 2018) ............................................. 11

Rojas v. Splendor Landscape Designs Ltd.,
268 F.Supp.3d 405 (E.D.N.Y. 2017) .................................................................................... 11

Scott v. Chipotle Mexican Grill, Inc.,
67 F. Supp. 3d 607 (S.D.N.Y. 2014) ..................................................................................... 14

Scott v. Harris,
550 U.S. 372 (2007) ............................................................................................................. 4

Shillingford v. Astra Home Care, Inc.,
2018 U.S. Dist. LEXIS 29576 (S.D.N.Y. Feb. 23, 2018) .......................................................... 9

Tagaeva v. BNV Home Care Agency, Inc.,
No. 16-Civ-6869 (RRM) (RLM), 2018 WL 1320661 (E.D.N.Y. 2018) ........................... 9, 10, 14

**STATUTES**

29 U.S.C. § 207(a)(1) ......................................................................................................... 5

29 U.S.C. § 213(a)(15) ....................................................................................................... 5

29 U.S.C. § 259 ............................................................................................................. 12, 14

Fed.R.Civ.P.56 (a) ............................................................................................................. 3

N.Y. Lab. Law .......................................................................................................... *passim*

N.Y. Lab. Law § 195-3 .................................................................................................. 11, 12

The New York Wage Theft Prevention Act ....................................................................... 10, 11

12 N.Y.C.R.R. 142-2.2 ....................................................................................................... 4

12 N.Y.C.R.R. § 146-2.2 .................................................................................................. 11

**REGULATIONS**

29 C.F.R. § 552.109(a)........................................................................................................................ 6

78 Fed. Reg. 60454–01(January 1, 2015) ......................................................................................... 6

79 Fed. Reg. 60,974 (Oct. 9, 2014).................................................................................................. 7

80 Fed. Reg. 55,029 (Sept. 14, 2015) .............................................................................................. 7

80 Fed. Reg. 65646-01 (Oct. 27, 2015) ........................................................................................... 7

## PRELIMINARY STATEMENT

Plaintiff Molly Green ("Ms. Green" or "Plaintiff"), on behalf of herself and all others similarly situated, by her attorneys, Joseph & Norinsberg, LLC, respectfully submits this Memorandum of Law in support of Plaintiff's Motion for partial summary judgment pursuant to Rule 56 of the Federal Rule of Civil Procedure.

In this action, Plaintiff, on behalf of herself and all others similarly situated, has brought suit against Humana at Home, Inc. d/b/a Senior Bridge Family Companies, Inc. ("Defendant" or "Humana"), for failing to pay its home health care aides their lawful wages in compliance with the Federal Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Specifically, Plaintiff brings this action to redress Defendant's failure to pay statutorily mandated overtime rates for home health aides during the time period of January 2015 to November  2015, and for failure to provide proper wage notices during this same time frame.

This case is particularly suited for partial summary judgment at this procedural juncture, for two principal reasons. *First*, this Court has already determined that Humana was required to pay Plaintiff, and all similarly situated class members, overtime wages, at the statutory rate of one-and-one-half times the regular hourly rate, for the time period of January 2015 through November 12, 2015. See Green v. Humana at Home, Inc., No. 16-cv-7586 (AJN), 2017 U.S. Dist. LEXIS 162961 (S.D.N.Y. Sep. 29, 2017). *Second,* there are no disputed issues of material fact that need to be resolved. Humana has previously admitted, and it is uncontested, that Humana did *not* pay Plaintiff and similarly situated class members overtime wages during the time period of January 2015 through November 12, 2015. Accordingly, no further discovery is needed, and partial summary judgment on behalf of Plaintiff and the proposed Rule 23 class is appropriate.

Likewise, summary judgment is warranted with regard to Humana's Portal-to-Portal affirmative defense because this Court has already determined that Humana cannot meet the

context-specific three-pronged burden under the Portal-to-Portal Act. Moreover, this defense fails as a matter of law, since it must be based on a written administrative regulation, *not* on a judicial decision interpreting the regulation. Accordingly, summary judgment on Humana's affirmative defense is warranted.

## **PROCEDURAL HISTORY**

Plaintiff commenced this action on September 28, 2016.  On December 2, 2016, Humana moved to dismiss the complaint on grounds that the Home Care Final Rule was not yet in effect during Ms. Green's employment [Dkt. 12]. Specifically, Humana argued that the law went into effect on November 12, 2015, which occurred *after* Ms. Green ended her employment with Humana, rather than January 1, 2015, a date *before* Plaintiff began her employment with Humana. Accordingly, Humana claimed that Ms. Green had been properly classified as an "exempt" worker and, therefore, she had no cognizable causes of action, and dismissal was therefore warranted. (Id.)

In an Opinion and Order dated September 9, 2017, this Court rejected Humana's arguments, and denied Humana's motion to dismiss (hereinafter, the "Order").  This Court held conclusively that the Home Care Final Rule had gone into effect on January 1, 2015, and that therefore, Ms. Green and all other similarly situated Plaintiffs have cognizable claims, as set forth in detail below.

Subsequent to the issuance of this Court's Order, on December 27, 2017, an Initial Pretrial Conference was held before Magistrate Judge Barbara Moses, and discovery commenced. Thereafter, on March 28, 2018, the parties appeared at the mediation session with JAMS mediator Carol A. Wittenberg, Esq. and negotiated in good faith for the entire day. (Norinsberg Decl. ¶ 8). However, despite their best efforts, the parties were unable to reach a settlement agreement. (Id.).

Subsequently, on April 20, 2018, Plaintiff moved this Court for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rule 23 Class").  [Dkt. Nos. 47-

50]. Plaintiff is now moving for partial summary judgment, on behalf of herself and the proposed class identified in her motion seeking class certification

## STATEMENT OF FACTS

Plaintiff respectfully refers this Court to her Local Rule 56.1 Statement for all of the facts that are relevant to this motion.

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56, a federal district court must grant a summary judgment motion upon finding, based on the pleadings, depositions, interrogatories, answers, admissions, affidavits, and all other admissible evidence that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56 (a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct 2548, 91 L.Ed.2d 265 (1986); Feingold v. New York, 366 F.3d 138, 148 (2d Cir. 2004).  In determining whether the moving party has met this burden, a court must construe all evidence in the light most favorable to the nonmoving party, resolving all ambiguities and inferences in its favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct 1348, 89 L.Ed.2d 538 (1986); Gibbs-Alfano v. Barton, 281 F.3d 12, 18 (2d Cir. 2002).  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original); Burt Rigid Box, Inc. V. Travelers Prop. Cas. Corp., 302 F.3d 83, 90 (2d Cir. 2002).  Material facts are those which, given the substantive law, might affect the suit's outcome.  Anderson, 477 U.S. at 248.

If the moving party makes a *prima facie* showing that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and put forth "specific facts showing that there is a genuine issue for trial." Davis v. New York, 375 F.3d 196, 200 (2d Cir. 2004) (citing D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)). Thus, to defeat a motion for summary judgment, the nonmoving part "must do more than simply show that there is some metaphysical doubt as to the material facts." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (quoting Matsushita, 475 U.S. at 586). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Scott v. Harris, 550 U.S. 372, 380 (2007) (citation omitted).

## ARGUMENT

## I. PLAINTIFF AND CLASS MEMBERS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR OVERTIME CLAIMS.

### A. Summary Judgment is Proper, as There are no Disputed Issues of Fact.

The material facts herein are undisputed. Humana openly admits that it did not begin complying with the Home Care Final Rule until November 12, 2015, and also maintains that "Humana was free to utilize the FLSA's companionship exemption until, at least, the D.C. Circuit lifted the vacatur." [Dkt. No. 14 at 1-2]. Thus, by Humana's own account, it failed to pay Plaintiff and all similarly situated class members their overtime wages at the statutory rate, after January 1, 2015. As such, *there are no genuine issues of material fact to be tried.* Summary judgment on liability is therefore warranted.[1]

---

[1] Plaintiff has asserted claims for overtime violations under both the F.L.S.A. and N.Y.L.L. (See Dkt. No.1, Complaint). Plaintiff's recovery under both statutes is identical, as the relevant New York state law is premised on the interpretation of the FLSA. Specifically, 12 N.Y.C.R.R. 142-2.2 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of ... the Fair Labor Standards Act ... provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply." 12 N.Y. Comp. Codes R. & Regs. § 142-2.2. Whether the Plaintiff and all similarly situated

Cases that contain no relevant factual disputes and raise only questions of statutory construction "present legal issues that may be resolved by summary judgment." Heublein, Inc. v. U.S., 996 F.2d 1455, 1461 (2d Cir. 1993) (citations omitted). See also Introna v. Allstate Ins. Co., 850 F. Supp. 161, 165 (E.D.N.Y. 1993) ("[T]he threshold issue…presents the Court with a question of statutory interpretation, and thus a question of law properly decided on motion for summary judgment."). Furthermore, "[w]here the summary judgment motions debate only the significance of undisputed facts, summary judgment is appropriate." Jennings v. New York State Office of Mental Health, 786 F. Supp. 376, 380 (S.D.N.Y. 1992), aff'd, 977 F.2d 731 (2d Cir.1992) (citations omitted).

Here the issue facing the Court is strictly legal in nature and turns on a statutory interpretation of the DOL's regulations, as set forth in detail below. Accordingly, there is no need for the parties to conduct discovery; Humana's liability can be determined as a matter of law.

### B.  It is Undisputed that Humana Improperly Classified its Home Health Aides from January 1, 2015 Until November 12, 2015.

Section 207 of the FLSA requires employers to pay their employees overtime compensation whenever employees work more than 40 hours per week. 29 U.S.C. § 207(a)(1). However, the FLSA also provides several exemptions to this requirement. Relevant here, the FLSA exempts from overtime eligibility "any employee employed in domestic service employment to provide companionship services for individuals who ... are unable to care for themselves." 29 U.S.C. § 213(a)(15). Until 2013, this exemption applied to all home health aides employed by third parties, unless they could show that their general housework duties exceeded

---

employees were exempt during the relevant time period (January 1, 2015 – November 12, 2015) is a question of federal law, because Section 142-2.2 incorporates by reference the FLSA's overtime rules.

20% of their total weekly hours. See, e.g., Cowell v. Utopia Home Care, Inc., No. 14-CV-736 (LDW) (SIL), 2016 WL 4186976, at *4 (E.D.N.Y. Aug. 8, 2016).

Then, in 2013, the law changed. After a notice and comment period, the Department of Labor (the "DOL") issued a new regulation, the Home Care Final Rule (the "Final Rule"), which removed third-party employees from the exemption. The DOL Regulation states that "[t]hird party employers of employees engaged in companionship services ... may not avail themselves of the minimum wage and overtime exemption provided by section 13(a)(15)." 29 C.F.R. § 552.109(a). Therefore, under the new DOL Regulation, home health aides would be entitled to the FLSA's minimum wage and overtime compensation guarantees when they are employed by a third-party employer, rather than by the person to whom they provide their services. The Home Care Final Rule, issued on October 1, 2013, had an effective date of January 1, 2015. 78 Fed. Reg. 60454–01.

The DOL then led an implementation program to help employers of home care workers prepare for FLSA compliance, including offering an extensive and individualized technical assistance program, providing a 15-month period before the effective date, and adopting a time-limited non-enforcement policy. Thus, it is undisputed that employers like Humana knew, or should have known, that as of January 1, 2015, the Home Care Final Rule would go into effect, the prior exemption would be lifted, and they would be required to pay their home health aides overtime wages at the statutory rate.

Before the effective date of January 1, 2015, however, a group of home health care trade associations challenged the Home Care Final Rule in the D.C. District Court, arguing that the DOL had overstepped its rulemaking authority. See Home Care Ass'n of Am. v. Weil ("Weil I"), 76 F. Supp. 3d 138 (D.D.C. 2014), rev'd, 799 F.3d 1084 (D.C. Cir. 2015). In December 2014, the District

Court invalidated the regulation. Id. at 147–48. The DOL appealed, and on August 21, 2015, a unanimous panel of the D.C. Circuit found that the DOL had acted within its authority and reversed the District Court. See Home Care Ass'n of Am. v. Weil ("Weil II"), 799 F.3d 1084, 1087 (D.C. Cir. 2015). The Court of Appeals opinion reversing the district court's orders became effective on October 13, 2015, when the Court of Appeals issued its mandate. The Department did not begin enforcement of the Final Rule until 30 days after that date, which is November 12, 2015.

Critically, during the pendency of the Weil I and Weil II litigations, and the DOL's enforcement policies referenced above, the effective date for the Home Care Final Rule remained January 1, 2015. See Application of the Fair Labor Standards Act to Domestic Service; Announcement of Time-Limited Non-Enforcement Policy, 79 Fed. Reg. 60,974 (Oct. 9, 2014) ("The [DOL's] October 1, 2013, Final Rule . . . which extends Fair Labor Standards Act (FLSA) protections to most home care workers will become effective on January 1, 2015. *The Department is not changing this effective date.*") (Norinsberg Decl., Exhibit A) (emphasis supplied); Application of the Fair Labor Standards Act to Domestic Service; Announcement of 30-Day Period of Non-Enforcement, 80 Fed. Reg. 55,029 (Sept. 14, 2015) *("The [DOL's] Final Rule . . . had an effective date of January 1, 2015.*") (Norinsberg Decl., Exhibit B) (emphasis added); Application of the Fair Labor Standards Act to Domestic Service; Dates of Previously Announced 30-Day Period of Non-Enforcement, 80 Fed. Reg. 65646-01 (Oct. 27, 2015) (same) (Norinsberg Decl., Exhibit C).

Despite the DOL's clear and unequivocal differentiation between the effective date and the enforcement date of the regulation, Humana willfully conflated these two dates, and did not pay its home health aides their lawful overtime wages during the pendency of the Weil I and Weil II

litigations. (Norinsberg Decl., Exs. A-C). It is thus undisputed that Humana misclassified its home health aides during the relevant time period, from January 1, 2015 through November 12, 2015.

### C.  This Court Has Previously Held That Humana Is Required to Pay Its Employees in Accordance with The DOL's Regulation as of January 1, 2015.

In an Opinion and Order dated September 9, 2017, this Court held conclusively that the Home Care Final Rule had gone into effect on January 1, 2015, and that therefore, Ms. Green and all other similarly situated Plaintiffs have cognizable claims.

In reaching this conclusion, this Court held that the long-standing principles of the retroactivity of judicial opinions warranted that the district court's vacatur had become a nullity as of the date of Weill II, and therefore Humana's reliance on it was effectively meaningless. Green, 2017 U.S. Dist. LEXIS 162961, at *19-20. The Court observed further that "the majority of other district courts to consider this issue" had reached the same conclusion and had held that the Home Care Final Rule had gone into effect on January 1, 2015. Id. at *17.

Indeed, multiple other district courts have reached the same conclusion, and have held that the DOL Regulation was effective as of *January 1, 2015*, the date on which it was originally supposed to take effect. See, e.g., De Carrasco v. Life Care Servs., Inc., No. 17-Civ-5617 (KBF), 2017 U.S. Dist. LEXIS 206682, at *9 (S.D.N.Y. Dec. 15, 2017) ("The great majority of courts have found that the DOL Regulation was effective as of January 1, 2015, the date on which it was originally scheduled to take effect."); Hypolite v. Health Care Servs. of New York, Inc., 256 F. Supp. 3d 485, 492-93 (S.D.N.Y. 2017); Evans v. Caregivers, Inc., 2017 U.S. Dist. LEXIS 76599, 2017 WL 2212977, at *3-4 (M.D. Tenn. May 19, 2017); Guerrero v. Moral Home Servs., Inc., 247 F. Supp. 3d 1288, 2017 WL 1155885, at *3-4 (S.D. Fla. Mar. 27, 2017); Dillow v. Home Care Network, Inc.,  2017 Dist. LEXIS 27133, 2017 WL 749196, at *3-5 (S.D. Ohio Feb. 27, 2017); Cummings v. Bost, Inc., 218 F. Supp. 3d 978, 986-87 (W.D. Ark. 2016); Collins v. DKL Ventures,

LLC, 215 F. Supp. 3d 1059, 1066-67 (D. Colo. 2016); Kinkead v. Humana, Inc., 206 F. Supp. 3d 751, 755 (D. Conn. 2016); Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y, 215 F. Supp. 3d 805, 810 (S.D. Iowa 2016).

Since this Court's decision in Green, other federal courts have acknowledged the validity and persuasiveness of this Court's analysis of retroactivity.  See, e.g., De Carrasco, 2017 U.S. Dist. LEXIS 206682, at *11 ("The Green Court's exploration of the presumption against retroactivity is lengthy and persuasive …."); Tagaeva v. BNV Home Care Agency, Inc., 2018 WL 1320661, at *4 (E.D.N.Y. 2018) (holding that "there is no reason to depart from the general rule that all civil judicial decisions apply retroactively.") (quoting  Green, 2017 U.S. Dist. LEXIS 162961, at *10); Shillingford v. Astra Home Care, Inc., 2018 U.S. Dist. LEXIS 29576, at *13 (S.D.N.Y. Feb. 23, 2018) ("The Court adopts the reasoning of other courts in this Circuit to consider the issue and finds that this amendment took effect on January 1, 2015 …") (citing, inter alia, Green, 2017 U.S. Dist. LEXIS 162961, at * 16). Thus, it is now settled law that the DOL's Home Care Final Rule went into effect on January 1, 2015.

In its Order, this Court also rejected Humana's claim of "uncertainty" regarding the effective date of the Home Care Final Rule, since the DOL had begun informing the public of same as early as 2013, which was long before the Weil I litigation commenced.  Accordingly, this Court held as follows:

> [I]t is not inequitable to apply the Weil II decision retroactively and require Humana to pay its employees in accordance with the DOL's regulation. The regulation had been announced more than a year before it went into effect, providing Humana "ample notice of the obligations to be imposed by the new rule." Id. As a result, Humana had no doubt anticipated and prepared for implementing the regulation's requirements before the Weil I court's temporary vacatur of the rule.

9

Green, 2017 U.S. Dist. LEXIS 162961, at *27. Likewise, in Tagaeva v. BNV Home Care Agency, Inc., 2018 WL 1320661, at *4 (E.D.N.Y. 2018), the Court rejected the defendant's claim that it should not be held liable for failure to pay overtime wages during the pendency of the Weil and Weil II litigations, holding that, "[i]t strikes the Court as far more 'unfair' to allow [defendant] to escape liability for nearly a year's worth of overtime wages based on a district court decision that was ultimately deemed to be error." (citing Lewis-Ramsey, 215 F. Supp. 3d at 810). See also Kinkead v. Humana, Inc., 206 F.Supp.3d 751, 755 (D.Conn. 2016) ("The DOL allowed more than a year from its promulgation of the new rule in 2013 until its effective date in 2015; defendants had ample notice of the obligations to be imposed by the new rule."). In sum, the Courts in this Circuit have concluded that liability for failure to pay lawful wages in accordance with the DOL Regulation as of January 1, 2015 is appropriate and proper, on these facts.

Based on the foregoing, there is no genuine dispute of material fact that Plaintiff and Class Members were not paid the proper overtime compensation for hours worked over forty (40) per workweek, and as a matter of law, and that Humana had no valid justification for its failure to do so. Therefore, Plaintiff and Class Members are entitled to partial summary judgment with respect to their overtime claims under the FLSA and NYLL for the time period of January 1, 2015 through November 12, 2015.

## II.   PLAINTIFF AND CLASS MEMBERS ARE ENTITLED TO SUMMARY JUDGMENT OF THEIR NYWTPA WAGE STATEMENT CLAIMS.

### A.   It is Undisputed that Humana Provided its Employees with Inaccurate Wage Statements from January 1, 2015 through November 12, 2015.

The NYWTPA requires employers to furnish each employee with wage statements, commonly known as paystubs, listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; regular hourly pay rate; *overtime hourly pay rate*; hours worked; gross wages; amount of tip credit claimed as part of the

minimum wage; and net wages. See N.Y.L.L. § 195-3; 12 N.Y.C.R.R. § 146-2.3 (emphasis supplied).

Defendant failed to provide Plaintiff and Class Members with wage statements as required under the NYWTPA. (Norinsberg Decl., Ex. D [Green Decl. ¶ 11]). Further, Humana's admission that it considered Plaintiff and Class Members exempt during the period of January 1, 2015 through November 12, 2015, *necessarily* means that any wage statements that were provided to Class Members were defective because they failed to record overtime hours and the required overtime pay rate. This is a plain violation of the NYWTPA. See, Rodriguez v. Avondale Care Group, LLC, 2018 WL 1582433, at *8 (S.D.N.Y. 2018) (granting summary judgment for claims under NYLL § 195(3) because "[plaintiff] is not exempt from overtime compensation, and therefore the law requires that the wage statement provide the number of hours she worked and her regular and overtime rate of pay…"); Rojas v. Splendor Landscape Designs Ltd., 268 F.Supp.3d 405, 413 (E.D.N.Y. 2017) (granting summary judgment for claims under NYLL § 195(3) and holding that "it is undisputed that the wage statements furnished to Plaintiffs were inaccurate in that they … did they reflect Plaintiffs' actual pay rates. Accordingly, the Court finds that there is no genuine issue of material fact with respect to Plaintiffs' claim for a violation of the NYWTPA."); Inclan v. New York Hospitality Group, Inc., 95 F.Supp.3d 490, 502 (S.D.N.Y. 2015) (granting summary judgment for claims under NYLL § 195(3) where "pay statements were not in compliance with the WTPA.").

Humana previously admitted that it considered Plaintiff and Class Members "exempt" during the time period of January 1, 2015 through November 12, 2015, although the DOL had lifted that exemption and failed to pay them overtime wages. [Dkt. 14 at 1] ("[T]he companionship exemption applied for Plaintiff's entire employment."). Accordingly, as a matter of law, Humana

is liable under N.Y.L.L. § 195(3), as its wage statements could not possibly have stated the correct pay rate for overtime hours under the F.L.S.A. during the relevant time period. (See Norinsberg Decl., Ex. D [Green Decl. ¶ 11]). Plaintiff's pay stubs, which fail to record any wages paid at the statutory overtime rate, confirm this fact conclusively. (See Norinsberg Decl., Ex. E).

Based on the foregoing, it is undisputed that Humana failed to provide legally sufficient wage statements which accurately reflected the required overtime rate. Accordingly, Plaintiff and Class Members are entitled to summary judgment on their wage statement claims under NYLL § 195(3).

## III.    HUMANA'S PORTAL-TO-PORTAL AFFIRMATIVE DEFENSE FAILS AS A MATTER OF LAW.

Humana cannot prevail in its affirmative defense under the Portal Act, 29 U.S.C. § 259, because it simply cannot satisfy the required elements. Humana maintains that it is entitled to a defense under the Portal Act to any claims prior to November 12, 2015 as this was "the date established and announced by the DOL to begin enforcement of the Home Care Regulation eliminating the companionship exemption." [Dkt. 14 at 11]. However, as stated herein repeatedly, the enforcement date had *no bearing* on the effective date of the regulation. Indeed, as set forth below, Humana's purported reliance on the DOL's guidance as to its enforcement policy is entirely insufficient and fails as a matter of law.

"The Portal Act was designed to protect employers from liability if they took certain actions on the basis of an interpretation of the law by a government agency, even if the agency's interpretation later turned out to be wrong." Equal Emp't Opportunity Comm'n v. Home Ins. Co., 672 F.2d 252, 263 (2d Cir. 1982); see 29 U.S.C. § 259. "[T]he Portal Act defense requires the employer to establish three interrelated elements: (1) that its action was taken in reliance on a ruling of the Administrator, (2) that it was in conformity with that ruling, and (3) that it was in

good faith." <u>Home Insurance</u>, 672 F.2d at 263. Here, Humana has failed to satisfy any of the prongs.

With respect to the first prong, acting "in reliance on a ruling of the Administrator," Humana cannot possibly make this showing. First, Humana has failed to indicate any administrative "ruling" it relied upon. <u>See</u> <u>Mascol v. E & L Transp., Inc.</u>, 387 F. Supp. 2d 87, 100 (E.D.N.Y. 2005) ("[P]ublished opinion letters and published regulations of the Wage-Hour Administrator may establish the defense, but only if they give the employer guidance with respect to the employer's *specific proposed action"*) (emphasis added). Humana cannot point to any guidance it received with respect to any of its "specific proposed actions."  At most, Humana can claim that, in light of the <u>Weil I</u> and <u>Weil II</u> litigation, it was uncertain as to how to proceed. However, that uncertainty would not justify reliance under the Portal Act because "where an employer had knowledge of conflicting rules and chose to act in accordance with the one most favorable to him," the Portal Act defense does not apply. <u>Home Insurance</u>, 672 F.2d at 264-65.

Additionally, Humana's reliance on the DOL's enforcement policies must fail because it contravenes the DOL's repeated statements as to the effective date of the new regulation. As early as 2013, the DOL stated explicitly that the new rule would go into effect on January 1, 2015, and it never deviated from that policy. Critically, the DOL continues to differentiate between the effective of the regulation and the enforcement date; a distinction Humana knew about, or should have known about. (Norinsberg Decl., Exs. A-C). Moreover, "the fact that the DOL has in its discretion decided to delay enforcement of the rules has no effect on when the rules actually became effective or on private enforcement actions." <u>Green</u>, 2017 U.S. Dist. LEXIS 162961, at *33 (citing <u>Hypolite v. Health Care Servs. of New York, Inc</u>., 256 F. Supp. 3d 485, 493 (S.D.N.Y. 2017)). <u>See also</u> <u>De Jesus De Luna-Guerrero v. N.C. Grower's Ass'n</u>, 370 F. Supp. 2d 386, 2005

U.S. Dist. LEXIS 9514 (ED NC Apr. 25, 2005) (Employer failed to prove good faith defense under § 10 of Portal to Portal Act, 29 U.S.C.S. § 259, because non-enforcement policy asserted during review of issue did not indicate current status of law and therefore employer's reliance on letters from DOL officials was not reasonable).

To the extent Humana will claim it relied on the judicial ruling in Weil [Dkt. 14 at 7, 9], this is also insufficient under the Portal Act. See Tagaeva v. BNV Home Care Agency, Inc., 2018 WL 1320661, at *4 (E.D.N.Y. 2018) ("Section 259 does not save [defendant] from liability because it only applies to reliance on *administrative pronouncements*, not on judicial ones. Thus, the fact that [defendant] relied on the D.C. District Court's opinion is irrelevant for the purposes of Section 259.") (emphasis supplied).

With respect to the second prong, the fact that Defendant cannot identify a written administrative ruling that it relied upon is fatal to its reliance defense, and necessarily means that Humana cannot satisfy the second prong, "conformity with that ruling." Home Insurance, 672 F.2d at 263.

Finally, Humana cannot satisfy the third prong of the Portal Act. The good faith test in this Circuit requires a defendant to show not just subjective good faith, but also "reasonable grounds for belief" that the ruling relied on remains good law. Home Insurance, 672 F.2d at 266. "The defendant faces a high burden to demonstrate that it has done more than merely possess an 'honest intention to ascertain' whether it was complying with FLSA; the defense "was not intended to allow an employer to insulate itself from liability for the consequences of its own improvident interpretation of the statute." Scott v. Chipotle Mexican Grill, Inc., 67 F. Supp. 3d 607, 613 (S.D.N.Y. 2014), citing Home Insurance, 672 F.2d at 255 (internal citations omitted). See also Mascol v. E & L Transp., Inc., 387 F.Supp.2d 87, 100 (E.D.N.Y. 2005) ("Thus, referring to the

Portal Act's legislative history, the Court of Appeals noted that the Portal Act defense does not apply '*where an employer had knowledge of conflicting rules and chose to act in accordance with the one most favorable to him.*'") (emphasis supplied) (citations omitted).

Based on the foregoing, this Court held as follows:

> In light of the Portal-to-Portal Act's context-specific inquiry, the Court concludes that Humana has not demonstrated as a matter of law that it had a subjective good-faith belief that it was immunized from private suits under the third-party employer rule until November 12, 2015, and that this belief was objectively reasonable. While the DOL stated that it would not bring enforcement actions against home health care companies until after the mandate issued in Weil II, the DOL also emphasized that the rule went into effect on January 1, 2015, and its own gap between effective date and enforcement date did not alter the legislated effective date.

Green, 2017 U.S. Dist. LEXIS 162961, at *31-33.

In sum, Humana has no valid defense under the Portal-to-Portal Act.  Therefore, "summary judgment is [] warranted [since the] non-moving party has no evidentiary support for an essential element on which it bears burden of proof." Orange Lake Associates, Inc. v. Kirkpatrick, 825 F.Supp. 1169, 1173 (S.D.N.Y. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). Accordingly, Humana's affirmative defense under the Portal Act fails as a matter of law and must be rejected.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Plaintiff's motion for partial summary judgment, on behalf of herself and all others similarly situated, be granted in its entirety.[2]

---

[2] Plaintiff's motion for Class Certification, pursuant to Fed. R. Civ. P., is now pending before this Court. [Dkt. Nos. 47-50]. Plaintiff respectfully requests that this Court defer ruling on liability until after class members have received notice and an opportunity to opt-out. See Cuzco v. Orion Builders, Inc., 262 F.R.D. 325, 335–36 (S.D.N.Y. 2009) ("[T]he Court will defer a decision on the merits on Plaintiffs' NYLL class claims until adequate notice has been sent to the potential class members.")

Date:   New York, New York
        April 26, 2018

Respectfully submitted,

JOSEPH & NORINSBERG, LLC

By: _____
Jon L. Norinsberg, Esq.
Chaya Gourarie, Esq.
225 Broadway Suite 2700
New York, N.Y. 10007
Tel: (212) 227-5700
Fax: (212) 406-6890
*Attorneys for Plaintiff and Putative Class*

TO:

JACKSON LEWIS P.C.
Noel P. Tripp, Esq.
58 South Service Road, Suite 250
Melville, NY 11747
Tel: (631) 247 0404
Fax: (631) 247 0425
*Attorneys for Defendant*