UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MOLLY GREEN, on behalf of herself and all others similarly situated,

                                      Docket No.: 16-CV-07586 (AJN)

                       Plaintiff,
        -against-

                                     **DECLARATION OF**
HUMANA AT HOME, INC, d/b/a/ SENIORBRIDGE  **JON. L. NORINSBERG, ESQ.**
FAMILY COMPANIES, INC.,

                       Defendant.
------------------------------------------------------------------X

     JON L. NORINSBERG, ESQ., an attorney duly admitted to practice before this Court, hereby affirms the truth of the following under penalty of perjury:

    1.    I am a partner of Joseph & Norinsberg, LLC, and the attorney of record for the Plaintiff herein; as such, I am fully familiar with the facts and proceedings herein. I submit this Declaration in support of Plaintiff's motion for partial summary judgment, pursuant Fed. R. Civ. P. 56, on behalf of herself and all others similarly situated.

## Procedural History

    2.    Plaintiff Molly Green ("Plaintiff" or "Ms. Green") commenced this action on September 28, 2016, against HUMANA AT HOME, INC, d/b/a/ SENIORBRIDGE FAMILY COMPANIES, INC. ("Humana"), for denial of overtime wages at the statutory rate of one-and-one-half-times her regular pay rate, among other claims.

    3.    On December 2, 2016, Humana moved to dismiss the complaint on grounds that it was not required to pay Plaintiff overtime wages at the statutory rate because she was "exempt" from overtime pay. Humana argued that the Home Care Final Rule, which lifted a prior exemption, was not yet in effect during the period Ms. Green's employment. Specifically, Humana argued that the new law went into effect on November 12, 2015, which occurred after Ms. Green ended her

1

employment with Humana, rather than January 1, 2015, a date before Plaintiff began her employment with Humana. [Dkt. No. 14]. Accordingly, Humana claimed that Ms. Green had been properly classified as an "exempt" worker and, therefore, she had no cognizable causes of action, and a dismissal was warranted. [Id.].

4. In an Opinion and Order dated September 9, 2017, this Court decisively rejected Humana's arguments and denied Humana's motion to dismiss ("the Order"). In ruling on Humana's motion, this Court held conclusively that the Home Care Final Rule had gone into effect on January 1, 2015, and therefore Ms. Green and all similarly situated Plaintiffs had cognizable claims. (Order at 1).

5. Additionally, this Court held that "Humana has not demonstrated as a matter of law that it had a subjective good-faith belief that it was immunized from private suits under third-party employer rule until November 12, 2015, and that this belief was objectively reasonable." (Order at 21.). This Court highlighted the fact that the DOL *consistently* maintained that the Home Care Final Rule went into effect on January 1, 2015.

6. In fact, the DOL has repeatedly and expressly stated that the Home Care Final Rule went into effect on January 1, 2015.  See e.g., Application of the Fair Labor Standards Act to Domestic Service; Announcement of Time-Limited Non-Enforcement Policy, 79 Fed. Reg. 60,974 (Oct. 9, 2014) ("The [DOL's] October 1, 2013, Final Rule . . . which extends Fair Labor Standards Act (FLSA) protections to most home care workers will become effective on January 1, 2015. *The Department is not changing this effective date.*") (attached hereto as Exhibit A) (emphasis added); Application of the Fair Labor Standards Act to Domestic Service; Announcement of 30-Day Period of Non-Enforcement, 80 Fed. Reg. 55,029 (Sept. 14, 2015) ("The [DOL's] Final Rule . . . *had an effective date of January 1, 2015*.") (attached hereto as Exhibit B) (emphasis added);

2

<u>Application of the Fair Labor Standards Act to Domestic Service; Dates of Previously Announced 30-Day Period of Non-Enforcement</u>, 80 FR 65646-01 (Oct. 27, 2015) (same) (attached hereto as Exhibit C).

7. Subsequent to the issuance of this Court's Order, on December 27, 2017, an Initial Pretrial Conference was held before Magistrate Judge Barbara Moses.

8. Subsequently, on March 28, 2018, the parties appeared at a formal mediation with JAMS mediator Carol A. Wittenberg, Esq., and negotiated in good faith for the entire day. However, despite their best efforts, the parties were unable to reach a settlement agreement, and thus, the litigation is now moving forward.

9. Shortly thereafter, on April 20, 2018, Plaintiff moved to certify a Rule 23 Class under New York Law, as set forth in further detail in the accompanying Memorandum of Law in support of Plaintiff's Motion for Class Certification. [Dkt. No. 48]. In support of this motion for class certification, Plaintiff Molly Green signed a Declaration setting forth her factual allegations and presenting true and correct copies of her paystubs [Dkt. Nos. 50-51]. Ms. Green's Declaration, and the exhibit thereto, are incorporated herein by reference, and attached hereto as Exhibit D.

10. A true and correct copy of Ms. Green's paystubs from Humana are attached hereto as Exhibit E.

11. For all of the foregoing reasons, we respectfully request that the Court grant Plaintiff's motion for partial summary judgment, pursuant to Fed. R. Civ. P. 56. On behalf of herself and the class proposed in Plaintiff's pending motion for class certification.

Date: New York, New York
April 26, 2018

_____
JON L. NORINSBERG ESQ.