# Exhibit A

79 FR 60974-01, 2014 WL 5024997(F.R.)
RULES and REGULATIONS
DEPARTMENT OF LABOR
Wage and Hour Division
29 CFR Part 552
RIN 1235-AA05

Application of the Fair Labor Standards Act to Domestic Service;

Announcement of Time-Limited Non-Enforcement Policy

Thursday, October 9, 2014

AGENCY: Wage and Hour Division, Department of Labor.

**\*60974** ACTION: Policy statement.

SUMMARY: The Department of Labor's (Department) October 1, 2013, Final Rule amending regulations regarding domestic service employment, which extends Fair Labor Standards Act (FLSA) protections to most home care workers will become effective on January 1, 2015. The Department is not changing this effective date. This document announces a time-limited non-enforcement policy. For six months, from January 1, 2015 to June 30, 2015, the Department will not bring enforcement actions against any employer as to violations of FLSA obligations resulting from the amended regulations. For the following six months, from July 1, 2015 to December 31, 2015, the Department will exercise prosecutorial discretion in determining whether to bring enforcement actions, with particular consideration given to the extent to which States and other entities have made good faith efforts to bring their home care programs into compliance with the FLSA since promulgation of the Final Rule. Throughout the 12-month duration of this policy, the Department will continue extensive outreach and technical assistance efforts, in particular with States regarding publicly funded home care programs.

DATES: Enforcement of the final rule published October 1, 2013, at 78 FR 60454: From January 1, 2015, to June 30, 2015, the Department will not bring enforcement actions against any employer as to violations of FLSA obligations resulting from the amended regulations; from July 1, 2015, to December 31, 2015, the Department will exercise prosecutorial discretion in determining whether to bring enforcement actions.

FOR FURTHER INFORMATION CONTACT: Michael Hancock, Assistant Administrator, Office of Policy, U.S. Department of Labor, Wage and Hour Division, 200 Constitution Avenue NW., Room S-3502, FP Building, Washington, DC 20210; telephone: (202) 343-5940 (this is not a toll-free number), email: HomeCare@dol.gov. Copies of this document may be obtained in alternative formats (Large Print, Braille, Audio Tape, or Disc), upon request, by calling (202) 693-0675 (not a toll-free number). TTY/TTD callers may dial toll-free (877) 889-5627 to obtain information or request materials in alternative formats.

SUPPLEMENTARY INFORMATION:

**I. Non-Enforcement Policy**

On October 1, 2013, the Wage and Hour Division of the Department of Labor (Department) issued Application of the Fair Labor Standards Act to Domestic Service; Final Rule, 78 FR 60454 (Home Care Final Rule or Final Rule). The Final Rule amended the domestic service employment regulations under the Fair Labor Standards Act (FLSA or Act), 29 U.S.C. 201 et seq., which are contained in 29 CFR Part 552. Among other changes, the Final Rule (1) modified the definition of "companionship services" and (2) prohibited third party employers (i.e., employers of domestic service employees other than the individuals receiving services or the individuals' families or households) from claiming either

the companionship services exemption from the FLSA's minimum wage and overtime compensation requirements or the live-in domestic service employee exemption from the FLSA's overtime compensation requirement. See 78 FR 60463-73, 60480-83, 60557 (relevant regulatory changes to be codified at 29 CFR 552.6, 552.109).

The Department explained in the preamble to the Final Rule that the changes to the domestic service employment regulations should go into effect as soon as practicable because they were intended to serve the important purpose of extending basic labor standards to home care workers, which in turn helps ensure that individuals and their families can rely on a professional, trained workforce to provide high-quality services. 78 FR 60455, 60495. The Department also acknowledged, however, that complex Federal and State systems fund a significant portion of the home care services provided across the country, and making adjustments to operations, programs, and budgets in order to comply with the FLSA could take time. Id. at 60494-95. Therefore, in response to comments received in the course of the rulemaking process, the Department set an effective date of January 1, 2015, an unprecedented 15 months after the publication of the Final Rule. Id.[FN1]

Since promulgating the Final Rule, the Department has conducted extensive technical assistance for the regulated community. Specifically, the Department has directly reached thousands of people through over 100 webinars, conference calls, meetings, and presentations, engaging representatives from State governments, associations of State Medicaid and other relevant agencies, consumers, disability and senior citizens' advocates, veterans' organizations, worker representatives, and industry groups, among others. Furthermore, to help stakeholders learn more about the changes associated with the Final Rule, the Department created a home care Web page, which contains links to fact sheets, FAQs, webinar recordings, interactive web tools, and other materials, including two Administrator's Interpretations issued this year in response to stakeholder questions regarding the application of the FLSA to shared living arrangements and joint employment of home care workers by public entities in consumer-directed programs. See www.dol.gov/whd/homecare. Moreover, the Department has engaged in targeted outreach to the governments of all 50 States. Through this outreach, the Department has provided extensive technical assistance to States as they implement the Home Care Final Rule in publicly funded programs in an effort to encourage implementation of the Final Rule in a manner that expands wage protections for most home care workers **\*60975** and ensures that Medicaid participants and their families continue to have access to the critical home and community-based services upon which they rely, particularly services delivered through innovative models of care.

Nevertheless, the Department has received requests to extend the effective date of the Home Care Final Rule, including from the National Association of Medicaid Directors (NAMD), the National Association of Directors of Developmental Disabilities Services (NASDDDS), the National Association of States United for Aging and Disabilities (NASUAD), organizations representing disability advocates, and the State of Kansas. The State of Oregon requested an extension of the effective date, or in the alternative a non-enforcement policy or waivers for certain States. The States of Maryland and Pennsylvania also requested an extension. These entities expressed the need for States to have more time to adjust their publicly funded home care programs in order to comply with the FLSA, and specifically noted that time was needed for budgetary, programmatic, and operational adjustments. The Department has also received requests to implement the Final Rule on January 1, 2015, as announced at the time of publication, including from Caring Across Generations, Direct Care Alliance, the National Domestic Workers Alliance, National Employment Law Project, Paraprofessional Healthcare Institute (PHI), the National Consumer Voice for Quality Long-Term Care, the American Geriatrics Society, and other organizations of worker advocates. These entities wish to see the nearly two million home care workers in the United States be guaranteed the basic minimum wage and overtime protections of the FLSA without delay.

The Department has carefully considered these requests and is not extending the Final Rule's effective date. When the Final Rule becomes effective, the regulated community will have had 15 months to make any adjustments necessary to fulfill new FLSA obligations. Many employers, including States, are poised to pay home care workers in compliance with the FLSA's fundamental protections on January 1, 2015. For these reasons, the Final Rule's effective date will remain January 1, 2015.

The Department recognizes, however, that the implementation of the Final Rule raises sensitive issues. In particular, the Department has been committed to assisting the regulated community in considering methods of complying with the FLSA in a manner that avoids harmful impacts on the individuals who rely on home care. Additionally, the Department has historically provided compliance assistance prior to the enforcement of new regulations, and it will continue to focus on such assistance during the initial stages of implementing the Home Care Final Rule. Given the unique effects of this rule, the Department has been committed to providing extensive compliance assistance, reaching out to all 50 states individually and providing other varied technical assistance to States and other stakeholders. Therefore, the Department is announcing that between January 1, 2015 and June 30, 2015, it will not bring enforcement actions against any employer as to violations of FLSA obligations resulting from the Final Rule. See 29 U.S.C. 216(c) (giving authority to the Department to bring enforcement actions, including investigating potential violations of the FLSA, supervising settlements for unpaid wages owed under the Act, or filing suit in Federal court to recover such wages); see also Secretary's Order No. 05-2010 (delegating this authority to the Administrator of the Wage and Hour Division). This initial non-enforcement policy will apply to all employers. During this six-month period, the Department will concentrate its resources on continuing to provide intensive technical assistance to the regulated community, in particular State agencies administering home care programs, regarding the Final Rule and the application of the FLSA to home care arrangements. Although the Department will not conduct formal investigations of potential FLSA violations during this time, any information received during this time period suggesting non-compliance with FLSA requirements will be used as an opportunity to provide additional technical assistance to States and other potential employers in order to facilitate efficient and effective implementation of the Final Rule.[FN2]

After July 1, 2015, the Department will commence enforcement actions for FLSA violations resulting from the Home Care Final Rule. From July 1, 2015 until December 31, 2015, however, the Department will exercise its prosecutorial discretion in a manner that is consistent with this document when making determinations on a case-by-case basis as to whether to bring enforcement actions in the home care context. During this six-month period, the Department will give strong consideration to an employer's efforts to make any adjustments necessary to implement the Final Rule, and in particular a State's efforts to bring its publicly funded home care programs into FLSA compliance, in determining how best to use its prosecutorial discretion in this area. The Department will, as always, consider a variety of other factors in making enforcement decisions, including the Department's limited resources, the extent of the violations at issue, and the impact of a particular enforcement action on compliance more broadly. The Department's intensive outreach and technical assistance efforts will continue throughout this period.

**II. Regulatory Requirements**
This document is non-binding guidance articulating considerations relevant to the Department's exercise of its enforcement authority under the FLSA. It is therefore exempt from the notice-and-comment rulemaking requirements under the Administrative Procedure Act pursuant to 5 U.S.C. 553(b).

Because no notice of proposed rulemaking is required, the Regulatory Flexibility Act does not require an initial or final regulatory flexibility analysis. 5 U.S.C. 603(a), 604(a). The Department has determined that this guidance does not impose any new or revise any existing recordkeeping, reporting, or disclosure requirements on covered entities or members of the public that would be collections of information requiring OMB approval under the Paperwork Reduction Act, 44 U.S.C. 3501 et seq.

Authority: 29 U.S.C. 216(c); Secretary's Order No. 05-2010.

Dated: October 6, 2014.

David Weil,

Administrator, Wage and Hour Division.

[FR Doc. 2014-24144 Filed 10-7-14; 4:15 pm]

BILLING CODE 4510-27-P

Footnotes

1  Typically, employers subject to FLSA regulatory changes have 30 or 60 days to adjust before a rulemaking becomes effective. See 5 U.S.C. 553(d), 801(a)(3)(A). Prior to the Home Care Final Rule, the longest effective date delay for a Wage and Hour Division rule was 120 days. See 78 FR 60495 (citing 69 FR 22126 (Apr. 23, 2004)).

2  This non-enforcement policy does not apply to FLSA violations unaffected by the Final Rule, such as those involving home care services provided by registered nurses and licensed practical nurses. See current 29 CFR 552.6 (providing that the companionship services exemption does not apply to services that "require and are performed by trained personnel, such as a registered or practical nurse"); 78 FR 60469 (explaining this existing regulatory provision). Similarly, services provided in nursing homes, group homes, or other institutions in which the workers are not domestic service employees fall outside the scope of the Final Rule and therefore violations in those settings are not subject to the position described here. See 29 CFR 552.3 (defining "domestic service employment" as "services of a household nature performed by an employee in or about a private home (permanent or temporary)"); 78 FR 60461-43 (describing the meaning of the term "private home").

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.