# Exhibit B

80 FR 55029-01, 2015 WL 5309094(F.R.)
RULES and REGULATIONS
DEPARTMENT OF LABOR
Wage and Hour Division
29 CFR Part 552
RIN 1235-AA05

Application of the Fair Labor Standards Act to Domestic

Service; Announcement of 30-Day Period of Non-Enforcement

Monday, September 14, 2015

AGENCY: Wage and Hour Division, Department of Labor.

**\*55029** ACTION: Policy statement.

SUMMARY: The Department of Labor's (Department) Final Rule amending regulations regarding domestic service employment, which extends Fair Labor Standards Act (FLSA) protections to most home care workers, had an effective date of January 1, 2015. The Department has not begun enforcement of the Final Rule both because of its previously announced time-limited non-enforcement policy and because it is a party to a federal lawsuit regarding the amended regulations. The U.S. Court of Appeals for the District of Columbia issued an opinion in that case in favor of the Department on August 21, 2015. The Department will not bring enforcement actions against any employer for violations of FLSA obligations resulting from the amended domestic service regulations for 30 days after the date the Court of Appeals issues a mandate making its opinion effective.

DATES: This policy statement was signed on September 9, 2015.

FOR FURTHER INFORMATION CONTACT: Mary Ziegler, Assistant Administrator, Office of Policy, U.S. Department of Labor, Wage and Hour Division, 200 Constitution Avenue NW., Room S-3502, FP Building, Washington, DC 20210; telephone: (202) 343-5940 (this is not a toll-free number), email: HomeCare@dol.gov. Copies of this Policy Statement may be obtained in alternative formats (Large Print, Braille, Audio Tape, or Disc), upon request, by calling (202) 693-0675 (not a toll-free number). TTY/TTD callers may dial toll-free (877) 889-5627 to obtain information or request materials in alternative formats.

SUPPLEMENTARY INFORMATION:

I. 30-Day Non-Enforcement Period After Mandate Issues

The Department's Final Rule amending regulations regarding domestic service employment, 78 FR 60454, which extends FLSA protections to most home care workers, had an effective date of January 1, 2015. The Department has not begun enforcement of the Final Rule both because of its time-limited non-enforcement policy, 79 FR 60974 (October 9, 2014), and because it is a party to a federal lawsuit regarding the amended regulations in which the U.S. District Court for the District of Columbia issued opinions and orders vacating the rule's major provisions. Home Care Ass'n of Am. v. Weil, 76 F. Supp. 3d 138 (D.D.C. 2014); Home Care Ass'n of Am. v. Weil, 78 F. Supp. 3d 123 (D.D.C. 2015). On August 21, 2015, the U.S. Court of Appeals for the District of Columbia Circuit reversed the district court's judgment. Home Care Ass'n of America v. Weil, . . . F.3d . . ., No. 15-5018, 2015 WL 4978980 (D.C. Cir. Aug. 21, 2015). The Court of Appeals opinion will become effective when that court issues a mandate directing the district court to enter a new judgment in favor of the Department. Although it is not yet known on what date the mandate will issue, the Department will not bring enforcement actions against any employer for violations of FLSA obligations resulting from the amended domestic service regulations for 30 days after the date the mandate issues.

This 30-day non-enforcement policy does not replace or affect the timeline of the Department's existing time-limited non-enforcement policy announced in October 2014. 79 FR 60974. Under that policy, through December 31, 2015, the Department will exercise prosecutorial discretion in determining whether to bring enforcement actions, with particular consideration given to the extent to which States and other entities have made good faith efforts to bring their home care programs into compliance with the FLSA since the promulgation of the Final Rule. The Department will also continue to provide intensive technical assistance to the regulated community, as it has since promulgation of the Final Rule.

**II. Regulatory Requirements**

This Policy Statement is guidance articulating considerations relevant to the Department's exercise of its enforcement authority under the FLSA. It is therefore exempt from the notice-and-comment rulemaking requirements under the Administrative Procedure Act pursuant to 5 U.S.C. 553(b).

Because no notice of proposed rulemaking is required, the Regulatory Flexibility Act does not require an initial or final regulatory flexibility analysis. 5 U.S.C. 603(a), 604(a). The Department has determined that this guidance does not impose any new or revise any existing recordkeeping, **\*55030** reporting, or disclosure requirements on covered entities or members of the public that would be collections of information requiring OMB approval under the Paperwork Reduction Act, 44 U.S.C. 3501 et seq.

Dated: September 9, 2015.

David Weil,

Administrator, Wage and Hour Division.

[FR Doc. 2015-23092 Filed 9-11-15; 8:45 am]

BILLING CODE 4510-27-P

**End of Document**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.