# Exhibit C

80 FR 65646-01, 2015 WL 6447714(F.R.)

RULES and REGULATIONS

DEPARTMENT OF LABOR

Wage and Hour Division

29 CFR Part 552

RIN 1235-AA05

Application of the Fair Labor Standards Act to Domestic Service;
Dates of Previously Announced 30-Day Period of Non-Enforcement

Tuesday, October 27, 2015

AGENCY: Wage and Hour Division, Department of Labor.

**\*65646** ACTION: Policy statement.

SUMMARY: The Department of Labor (Department) previously announced that it would not bring enforcement actions against any employer for violations of Fair Labor Standards Act (FLSA) obligations resulting from amendments to its domestic service regulations for 30 days after the U.S. Court of Appeals for the District of Columbia issued a mandate making effective its opinion affirming the validity of the regulatory changes. The Court issued its mandate on October 13, 2015; the Department's 30-day non-enforcement period will therefore conclude on November 12, 2015. From November 12, 2015 through December 31, 2015, the Department will exercise prosecutorial discretion pursuant to its previously announced time-limited non-enforcement policy.

DATES: The Department will not bring enforcement actions against any employer for FLSA violations resulting from the revised domestic service regulations before November 12, 2015.

FOR FURTHER INFORMATION CONTACT: Mary Ziegler, Assistant Administrator, Office of Policy, U.S. Department of Labor, Wage and Hour Division, 200 Constitution Avenue NW., Room S-3502, FP Building, Washington, DC 20210; telephone: (202) 693-0406 (this is not a toll-free number), email: HomeCare@dol.gov. Copies of this Policy Statement may be obtained in alternative formats (Large Print, Braille, Audio Tape, or Disc), upon request, by calling (202) 693-0675 (not a toll-free number). TTY/TTD callers may dial toll-free (877) 889-5627 to obtain information or request materials in alternative formats.

SUPPLEMENTARY INFORMATION:

### I. Non-Enforcement Period Until November 12, 2015

The Department's Final Rule amending FLSA regulations regarding domestic service employment, 78 FR 60454 (October 1, 2013), which extends minimum wage and overtime protections to most home care workers, had an effective date of January 1, 2015. The Department did not begin enforcement of the Final Rule on that date both because of its time-limited non-enforcement policy, 79 FR 60974 (October 9, 2014), and because it was a party to a federal lawsuit regarding the amended regulations in which the U.S. District Court for the District of Columbia issued opinions and orders vacating the rule's major provisions. Home Care Ass'n of Am. v. Weil, 76 F. Supp. 3d 138 (D.D.C. 2014); Home Care Ass'n of Am. v. Weil, 78 F. Supp. 3d 123 (D.D.C. 2015). On August 21, 2015, the U.S. Court of Appeals for the District of Columbia Circuit reversed the district court's judgment. Home Care Ass'n of America v. Weil, 799 F.3d 1084 (D.C. Cir. 2015). On September 14, 2015, the Department announced that it would not bring enforcement actions against any employer for violations of FLSA obligations resulting from the amended domestic service regulations for 30 days after the date the Court of Appeals issued a mandate making its opinion **\*65647** effective. 80 FR 55029 (September 14, 2015).

WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works. 1

The Court of Appeals issued the mandate directing the district court to enter a new judgment in favor of the Department on October 13, 2015. The Department will therefore not bring enforcement actions against any employer for violations of FLSA obligations resulting from the amended domestic service regulations before November 12, 2015.

This 30-day non-enforcement policy does not replace or affect the timeline of the Department's existing time-limited non-enforcement policy announced in October 2014. 79 FR 60974. Therefore, from November 12, 2015 through December 31, 2015, the Department will exercise prosecutorial discretion in determining whether to bring enforcement actions, with particular consideration given to the extent to which States and other entities have made good faith efforts to bring their home care programs into compliance with the FLSA since the promulgation of the Final Rule. The Department will also continue to provide intensive technical assistance to the regulated community up to and after December 31, 2015, as it has since promulgation of the Final Rule.

**II. Regulatory Requirements**

This Policy Statement is guidance articulating considerations relevant to the Department's exercise of its enforcement authority under the FLSA. It is therefore exempt from the notice-and-comment rulemaking requirements under the Administrative Procedure Act pursuant to 5 U.S.C. 553(b).

Because no notice of proposed rulemaking is required, the Regulatory Flexibility Act does not require an initial or final regulatory flexibility analysis. 5 U.S.C. 603(a), 604(a). The Department has determined that this guidance does not impose any new or revise any existing recordkeeping, reporting, or disclosure requirements on covered entities or members of the public that would be collections of information requiring OMB approval under the Paperwork Reduction Act, 44 U.S.C. 3501 et seq.

Dated: October 21, 2015.

David Weil,

Administrator, Wage and Hour Division.

[FR Doc. 2015-27332 Filed 10-26-15; 8:45 am]

BILLING CODE 4510-27-P

**End of Document**                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.