# EXHIBIT A

# In the
# United States Court of Appeals
## For the Second Circuit

MOLLY GREEN, on behalf of herself and all others similarly situated,

*Petitioner-Appellant,*

vs.

HUMANA AT HOME, INC.,
d/b/a/ SENIORBRIDGE FAMILY COMPANIES, INC.,

*Defendants.*

_____

DAVERLYNN KINKEAD, SHIRLEY CAILLO and CLAUDE
MATHIEU, individually and on behalf of all others similarly situated;

*Plaintiffs,*

vs.

HUMANA, INC., HUMANA AT HOME, INC. and
SENIORBRIDGE FAMILY COMPANIES (CT), INC.

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

## Petition for Leave to Appeal Pursuant to
## Fed. R. Civ. P. 23(F)
## Volume I of III (Petition though Exhibit D)

JOSEPH & NORINSBERG, LLC
*Attorneys for Petitioner*
*Molly Green*
225 Broadway, Suite 2700
New York, New York 10007
(212) 227-5700
chaya@norinsberglaw.com

Dated: April 1, 2019

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................... iii

INTRODUCTION ...................................................................................1

QUESTIONS PRESENTED.....................................................................1

FACTUAL AND PROCEDURAL BACKGROUND .............................................2

    A. The Kinkead Amended Complaint, Alleging New York Claims and
    Adding a New York Plaintiff, is Filed a Year after Petitioner filed
    her Complaint ...............................................................................2

    B. Kinkead Files a Duplicative Rule 23 Motion for Class Certification
    Two Weeks after Petitioner moved for Class Certification.........................3

    C. Petitioner Files a Motion for Partial Summary Judgment which Was
    Granted on April 1, 2019 ............................................................4

SUMMARY OF ARGUMENT ..................................................................6

LEGAL STANDARD..............................................................................9

ARGUMENT

PERMISSION TO APPEAL SHOULD BE GRANTED

    I.    THE COURT ABUSED ITS DISCRETION IN
        FINDING SUPERIORITY WHEN A DUPLICATIVE
        AND SUPERIOR CLASS ACTION WAS PENDING
        IN NEW YORK ...................................................................10

        A. Failure to Consider Duplicative Lawsuits Under Rule
        23(b)(3) in Determining Superiority Compels
        Denial of Class Certification......................................................10

i

    B.  The Court's Ruling on Superiority Was Predicated on A Mistaken Application of The Law and An Erroneous Finding Of Fact........................................................12

        i.  The Kinkead Effective Date Class and the Green Overtime Class are "Identical" and "Duplicative" Within the Meaning of First Filed Doctrine.................14

       ii.  The "First-to-File" Doctrine Looks to the District Court That First Obtained Jurisdiction Over the Subject Matter and Parties.............................................16

II.    MS. MATHIEU'S LACK OF STANDING WARRANTS DENIAL OF CLASS CERTIFICATION .....................20

    A.  The Connecticut Court Lacks Jurisdiction over the NYLL Effective Date Class, Since Ms. Mathieu Lacked Standing to Represent this Class .............................................................20

    B.  Ms. Mathieu Does Not Have standing to represent Home Health Aides Who Worked Overtime Hours from January 1, 2015 to November 12, 2015 ..........................21

CONCLUSION ........................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page**

<u>Cases:</u>

<u>AEI Life, LLC v. Lincoln Benefit Life Co.</u>,
    305 F.R.D. 37 (E.D.N.Y. 2015) ......................................................................16

<u>Becker v. Schenley Indus., Inc.</u>,
    557 F.2d 346 (2d Cir. 1977)..............................................................................11

<u>Charlot v. Ecolab, Inc.</u>,
    97 F. Supp. 3d 40 (E.D.N.Y. 2015) ..................................................................17

<u>Disability Advocates, Inc. v. New York Coalition for Quality Assisted</u>
    <u>Living, Inc.</u>,
    675 F.3d 149, 26 A.D. Cas. (BNA) 270,
    82 Fed. R. Serv. 3d 72 (2d Cir. 2012)...............................................................20

<u>Green v. Humana at Home</u>,
    16-cv-7586, 2017 WL 9916832 (S.D.N.Y) ...........................................1, 2, 3, 4

<u>Green v. Humana at Home, Inc.</u>,
    No. 16-cv-7586 (AJN), 2017 U.S. Dist. LEXIS
    162961 (S.D.N.Y. Sep. 29, 2017) ..............5, 6, 7, 11, 13, 14, 15, 16, 17, 19, 20

<u>Gregory v. Finova Capital Corp.</u>,
    442 F.3d 188 (4th Cir. 2006).............................................................................12

<u>Hevesi v. Citigroup Inc.</u>,
    366 F.3d 70 (2d Cir. 2004).................................................................................7

<u>Howard v. Klynveld Peat Marwick Goerdeler</u>,
    977 F. Supp. 654 (S.D.N.Y.1997).....................................................................14

<u>In re Am. Med. Sys., Inc.</u>,
    75 F.3d 1069 (6th Cir. 1996).............................................................................12

<u>In re Flag Telecom Holdings, Ltd. Securities Litigation</u>,
    574 F.3d 29 (2d Cir. 2009)................................................................................10

In re Initial Public Offerings Securities Litigation,
    471 F.3d 24 (2d Cir. 2006), decision clarified on denial of reh'g,
    483 F.3d 70 (2d Cir. 2007).......................................................................9, 10, 11

In re Lehman Bros. Securities and Erisa Litigation,
    684 F. Supp. 2d 485 (S.D. N.Y. 2010),
    aff'd, 650 F.3d 167 (2d Cir. 2011).....................................................................24

In re Parmalat Sec. Litig.,
    No. 04 MD 1653 (LAK), 2008 WL 3895539,
    at *3 (S.D.N.Y. Aug. 21, 2008) .........................................................................21

In re Salomon Analyst Level 3 Litig.,
    350 F. Supp. 2d 477 (S.D.N.Y. 2004)................................................................21

In Re Sumitomo Cooper Litigation,
    262 F.3d 134 (2d Cir. 2001).......................................................6, 7, 8, 13, 19, 25

Kinkead v. Humana at Home, Inc.,
    No. 3:15-CV-01637 (JAM),
    2019 WL 1253331 (D. Conn.) ....... 1, 2, 3, 4, 5, 6, 8, 11, 13, 14, 15, 16, 17, 19

Kinra v. Chicago Bridge & Iron Co.,
    2018 WL 2371030, at *4 (S.D.N.Y. 2018) ..................................................21, 23

Lewis v. Casey,
    518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)...........................23, 24

Michel v. Petco Animal Supplies Stores, Inc.,
    No.16-CV-1838 (LDH) (PK), 2017 WL 2198962
    (E.D.N.Y. May 18, 2017)....................................................................................18

Milanese v. Rust–Oleum Corp.,
    244 F.3d 104 (2d Cir. 2001)........................................................................10, 13

National Equipment Rental, Limited v. Fowler,
    287 F.2d 43 (2d Cir. 1961).................................................................................16

Oleg Cassini, Inc. v. Serta, Inc.,
    2012 WL 844284(PAE), at *3 (S.D.N.Y. March 13, 2012) ..............................15

Police and Fire Retirement System of City of Detroit v. IndyMac MBS, Inc.,
    721 F.3d 95, Fed. Sec. L. Rep. (CCH) P 97358 (2d Cir. 2013).................20, 23

Ramirez v. Dollar Phone Corp.,
    668 F.Supp.2d 448, 468 (E.D.N.Y. 2009) .......................................................10

Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v.
    Bank of New York Mellon,
    775 F.3d 154 (2d Cir. 2014)...........................................................................21

Rivera v. Bowen,
    664 F. Supp. 708 (S.D.N.Y.1987).....................................................................15

Smith v. McIver,
    22 U.S. (9 Wheat.) 532, 6 L.Ed. 152 (1824)...................................................16

Speedfit LLC v. Woodway USA, Inc.,
    53 F. Supp. 3d 561 (E.D.N.Y. 2014) ...............................................................18

St. Stephen's School v. PricewaterhouseCoopers Accountants N.V.,
    2014 WL 2766174 (2d Cir. 2014)....................................................................10

The Haytian Republic,
    154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894)............................................14

Thomas v. Apple-Metro, Inc.,
    No. 14-CV-4120 VEC, 2015 WL 505384, at *3 (S.D.N.Y. Feb. 5, 2015).......15

W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP,
    549 F.3d 100 (2d Cir. 2008), cert. denied, 556 U.S. 1193,
    129 S. Ct. 2011, 173 L. Ed. 2d 1088 (2009) ...................................................24

Watson v. Jones,
    80 U.S. (13 Wall.) 679, 715, 20 L.Ed. 666 (1871) ..........................................14

Weber v. United States Trustee,
    484 F.3d 154 (2d Cir. 2007).........................................................................7, 19

**<u>Rules, Laws and Statutes:</u>**

Fed R. App. P. 5 ..................................................................................................1

Fed. R. Civ. P. 23 ................................................................................1, 10, 11, 19

New York Labor Law § 195(3) ................................................................................3

Rule 15(c)...................................................................................................17, 20

Rule 23 ................................................................... 1, 3, 6, 7, 8, 9, 10, 11, 12, 19, 25

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 23(f) and Fed R. App. P. 5, Petitioner Molly Green[1] seeks permission to appeal from the Opinion and Order of the United States District Court for the District of Connecticut (Meyer, U.S.D.J.), entered March 18, 2019, which granted Plaintiffs' motion to certify a class pursuant to Fed. R. Civ. P. 23 in the matter of Kinkead v. Humana at Home, Inc., No. 3:15-CV-01637 (JAM), 2019 WL 1253331 (D. Conn.) A copy of the District Court Opinion and Order is attached hereto as Exhibit "A".

## QUESTIONS PRESENTED

1)      Whether a district court in one jurisdiction can find that Rule 23(b)(3)'s superiority requirement is met, and certify a class, when there is already a parallel class action pending in another jurisdiction that is entitled to priority based on the "prior action pending" doctrine and the "first filed" rule.

2)      Whether a District Court has subject matter over a putative class action where the sole class representative has only a speculative "injury" and a speculative "live controversy," and fails to satisfy the standing requirement of Rule 23 and Article III.

---

[1] Molly Green is a Named Plaintiff and Class Representative in a parallel class action against Humana which is currently pending in the Southern District of New York. See Green v. Humana at Home, 16-cv-7586, 2017 WL 9916832 (S.D.N.Y).

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Kinkead Amended Complaint, Alleging New York Claims and Adding a New York Plaintiff, is Filed a Year after Petitioner filed her Complaint.

Plaintiff Molly Green commenced her action against Humana on September 28, 2016 (hereinafter, the "Green Action"). On that date, the Kinkead action was limited to FLSA and Connecticut law state claims, as there were no New York plaintiffs in the action who could assert claims under New York law. See Kinkead v. Humana, Inc., No. 15 Civ. 1637 (D. Conn.) (hereinafter, the "Kinkead Action").

In her complaint, Ms. Green alleged, inter alia, that she worked as a live-in home health aide ("HHA") and was denied lawful wages. (Exhibit B ¶ 21). Specifically, she worked 24-hour live-in shifts, for a stretch of two to three weeks at a time, and was not paid overtime wages since she was misclassified as "exempt." (Id.). Accordingly, Ms. Green alleged overtime claims, on her own behalf, and on behalf of a putative class, under the FLSA and the NYLL.[2]

Almost a year after the Green Action was filed, on September 19, 2017, the Kinkead Plaintiff moved to amend the complaint to add one of the FLSA opt-ins, Ms. Mathieu, as a named plaintiff and, through her, to assert a variety of violations of the NYLL that largely mirrored those that had already been asserted in Green.

---

[2] Eventually, Ms. Green abandoned the FLSA collective action allegation, and proceeded with the litigation of her NYLL claims.

(Exhibit J, Pt. 1). In opposing the motion to amend, Humana argued that the "prior action pending" doctrine as well as "first filed" rule warranted denying the Kinkead motion to amend to add a New York plaintiff and to alleged New York wage claims. (Exhibit J, Pt. 2 at 5-9).

The Kinkead Court ultimately granted the Plaintiff's motion to amend, and on November 9, 2017 – more than a year after Green filed her complaint – the Kinkead amended complaint was filed to include a New York Plaintiff and claims under the NYLL. (Exhibit K).

## B. Kinkead Files a Duplicative Rule 23 Motion for Class Certification Two Weeks after Petitioner moved for Class Certification.

Ms. Green filed a motion for class certification on April 19, 2018. (Exhibit C). Ms. Green's proposed class consisted of all individuals who were employed as live-in Home Health Aides ("HHAs") by Defendant Humana, from January 1, 2015 to November 12, 2015, and who were denied overtime wages at the mandatory statutory rate, and who were also denied lawful wage statements, pursuant to the New York Labor Law ("NYLL") § 195(3). Ultimately, these two sub-classes were referred to as the "Overtime Class" and the "WTPA Class." (Exhibit C, Pt. 3 at 7).

Two weeks later, on May 5, 2018, the Kinkead Plaintiffs filed their Rule 23 motion for class certification, although there already was a class certification motion pending. (Exhibit L). The Kinkead NYLL "Effective Date" class was essentially identical to Ms. Green's Overtime Class. Compare:

3

The Green Overtime Class: All persons employed by Defendant to perform work as Home Health Aides between January 1, 2015, and November 12, 2015, who… worked in excess of forty hours per week without receiving time-and-a-half overtime compensation.[3]

(Exhibit, Pt. 1 at 8).

With:

The Kinkead Effective Date Class: All current or former home healthcare workers employed in New York by Humana, Humana at Home, Inc., SeniorBridge Family Companies, and/or any of its or their predecessors or affiliated entities between January 1, 2015 and October 12, 2015.

(Exhibit L, Pt. 1 at 3-4). In the underlying certification Order, the District Court narrowed "plaintiffs' proposed Effective Date classes to include only those Humana HHWs in Connecticut and New York who worked over 40 hours in a week." (Exhibit A, Order at 10). Thus, plainly, the Kinkead "Effective Date" class is duplicative of the Green overtime class.

In opposing the Kinkead motion for certification, Humana argued that "Green was and remains the first-filed action relative to the complicated and unsettled New York issues raised in both matters." (Exhibit L, Pt. 2 at 27).

### C. Petitioner Files a Motion for Partial Summary Judgment Which Was Granted on April 1, 2019.

Ms. Green filed a motion for partial summary judgment on April 26, 2018. (Exhibit D). In this motion, Ms. Green argued Humana's liability was undisputed

---

[3] In her reply in further support of her motion, Ms. Green agreed to limit her Overtime Class to live-in HHAs only. (Exhibit C, Pt. 3 at 7).

since Humana had previously admitted that it did not pay Plaintiff and similarly situated class members overtime wages during the time period of January 2015 through November 12, 2015, as it believed they were exempt from overtime pay during this time period. (Id.). Furthermore, Judge Nathan had determined that Humana was required to pay Plaintiff, and all similarly situated class members, overtime wages, at the statutory rate of one-and-one-half times the regular hourly rate, for the time period of January 2015 through November 12, 2015. Id.; See also Green v. Humana at Home, Inc., No. 16-cv-7586 (AJN), 2017 U.S. Dist. LEXIS 162961 (S.D.N.Y. Sep. 29, 2017). Plaintiff's motion for summary judgment was granted on April 1, 2019. (Exhibit P).

Humana opposed Plaintiff's motion for summary judgment and cross-moved for summary judgment on grounds that the Portal Act defense immunized it from liability for misclassifying its HHAs during the time period of January 2015 through November 12, 2015. (Exhibit D, Pt. 2). The fact that both parties moved for summary judgment underscored the fact that both parties believed that liability could be determined by the Court and that the matter could be resolved on behalf of the class without delay.

In response to Plaintiff's motion for partial summary judgment, Claude Mathieu, the New York class representative in the Kinkead action, filed an *amicus* motion in which she asserted that Kinkead was the first filed case and should have

priority. (Exhibit E). The New York District Court took note of the *amicus* motion and asked the parties to brief the issues raised in the *amicus* brief. (Exhibit F, Pt. 1). In response, both parties maintained that the Green action was the first filed New York action, and therefore had priority under both the first filed rule and the "balance of convenience" analysis. (Exhibit F, Pt. 2-3).

While Ms. Green's motions for class certification and partial summary judgment were pending in the Southern District, the Kinkead Court issued the instant certification order. Subsequently, on April 1, 2019, Judge Nathan issued a ruling granting Petitioner's motion for summary judgment, and denying Humana's cross-motion for summary judgment. (See Exhibit P) ("Because there was no genuine dispute of material fact as to Humana's Fair Labor Standards Act and New York Labor Law violations in the absence of [the Portal Act] defense, summary judgment as to Green's overtime claims is also GRANTED."). Further, the Green Court "administratively closed" Plaintiff's pending class action motion pending this Court's review of the instant Rule 23(f) petition. (Id.)

## **SUMMARY OF ARGUMENT**

The District Court's order raises fundamental class certification issues which should be reviewed by this Court. In Re Sumitomo Cooper Litigation, 262 F.3d 134, 139-140 (2d Cir. 2001) (Permission to appeal should be granted because "the certification order implicates a legal question about which there is a compelling need

for immediate resolution."). <u>See also</u>, <u>Hevesi v. Citigroup Inc</u>., 366 F.3d 70, 76 n.4 (2d Cir. 2004) ("Despite laying out this two-part test, we emphasized in <u>Sumitomo</u> that the Rule 23(f) standard is a flexible one that should not be reduced to any bright-line rules"); <u>Weber v. United States Trustee</u>, 484 F.3d 154, 160 (2d Cir. 2007) ("Rule 23(f) affords the courts of appeals an opportunity to intervene early to correct lower-court errors in class certification, which, if not corrected at that stage, would result in wasteful proceedings, often requiring relitigation").

Petitioner respectfully submits that the Court erred in its application of the superiority requirement. Rule 23(b)(3) requires that the District Court consider "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class" when certifying a class. Here, there was already a class action pending in the Southern District of New York which involving the same claims. While Judge Meyer acknowledged the pending motion for class certification in the Southern District, he nonetheless granted certification to a class in Connecticut. In so holding, Judge Meyer disregarded the Rule 23(b)(3)'s superiority requirement, as well as the "prior action pending" doctrine and "first-filed" rule. Additionally, Judge Meyer's analysis of these two doctrines – the "prior action pending" doctrine and "first-filed" rule – was predicated on several misapplications of the relevant law, as set forth below.

Since Judge Meyer's ruling effectively terminates the Green action – and

divests Judge Nathan of authority to decide the pending motion for class certification in the Southern District of New York, immediate appellate review is required by this Court. [4]

Additionally, the District Court's order, which rejected the challenges to Ms. Mathieu's standing, "implicates a legal question about which there is a compelling need for immediate resolution." Sumitomo, 262 F.3d at 139. Ms. Mathieu's standing was challenged at every stage in the Kinkead proceedings since she only worked three 24-hour live-in shifts, and this called into question whether or not she worked "overtime" hours under the law. As a result, Ms. Mathieu's claims did not implicate the same set of concerns as those of absent class members who worked multiple twenty-four hour shifts in a row, and who without question, worked overtime hours.

Specifically, Ms. Mathieu's claims differ from the putative class since the number of hours she worked is relevant not only to damages, but to liability itself. Thus, although Judge Nathan has now held that Humana is liable as matter of law for failing to pay Plaintiff and class members overtime wages during the relevant time period (Exhibit P), Ms. Mathieu may still not have a cognizable "injury" or "live controversy" since it would depend on how her working hours are credited,

---

[4] On April 1, 2019, the same date of this filing, Judge Nathan issued a ruling in which she "administratively closed" Plaintiff's pending class action motion pending this Court's review of the instant Rule 23(f) petition. (See Exhibit P) ("In light of Green's intention to petition to appeal the Kinkead certification order, the Court will administratively deny Green's class certification motion pending the disposition of the anticipated Rule 23(f) petition.").

and whether or not they amount to overtime hours under the law. For Ms. Green and the absent class members, in contrast, Judge Nathan's ruling conclusively establishes liability; thus, the numbers of hours these HHAs worked is only relevant to damages.

Plainly, Ms. Mathieu is inadequate to represent the interests of the absent class members; moreover, her claim is subject to a unique defense that can easily overtake the litigation – a fact that Judge Meyer acknowledged. Accordingly, Petitioner respectfully submits that Ms. Mathieu's lack of standing vitiates the Court's subject matter jurisdiction, and should have resulted in the denial of class certification.

Accordingly, this Petition should be granted to review two fundamental issues pertaining to FLSA and state law class action: The Rule 23(b)(3) superiority requirement in the context of a parallel and duplicative lawsuit and the standing requirement.

## **LEGAL STANDARD**

In reviewing class certification under Rule 23, the Second Circuit applies an abuse-of-discretion standard to both the lower court's ultimate determination on certification, as well as to its rulings that the individual Rule 23 requirements have been met. In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 31–32 (2d Cir.2006). The factual findings underlying the ruling are reviewed for clear error, and the Second Circuit reviews *de novo* whether the correct legal standard was applied. Id. at 40–41.

The abuse of discretion standard extends to the individual elements of Rule 23 as well. See St. Stephen'S School v. PricewaterhouseCoopers Accountants N.V., 2014 WL 2766174, *1 (2d Cir. 2014) ("We review a district court's decision on class certification for abuse of discretion as to the 'determination on certification, as well as to its rulings that the individual Rule 23 requirements have been met.'" (quoting In re Flag Telecom Holdings, Ltd. Securities Litigation, 574 F.3d 29, 34 (2d Cir. 2009)). "A district court abuses its discretion if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." Milanese v. Rust–Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

## ARGUMENT

## PERMISSION TO APPEAL SHOULD BE GRANTED

## I. THE COURT ABUSED ITS DISCRETION IN FINDING SUPERIORITY WHEN A DUPLICATIVE AND SUPERIOR CLASS ACTION WAS PENDING IN NEW YORK.

### A. Failure to Consider Duplicative Lawsuits Under Rule 23(b)(3) in Determining Superiority Compels Denial of Class Certification.

Rule (b)(3) permits class certification only where a class action is "superior to other available methods" of adjudication. Fed.R.Civ.P. 23(b)(3); Ramirez v. Dollar Phone Corp., 668 F.Supp.2d 448, 468 (E.D.N.Y. 2009). To qualify, a class action must be arguably the most "fair [ ] and efficient[ ]" method of resolving the dispute. Fed.R.Civ.P. 23(b)(3). See also In re Initial Public Offerings Securities Litigation, 471 F.3d 24, 41 (2d Cir. 2006), decision clarified on denial of reh'g, 483 F.3d 70 (2d

Cir. 2007) (in deciding a motion for class certification under Rule 23, "the district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met"). In evaluating superiority, courts consider "the extent and nature of any litigation concerning the controversy already begun by or against class members." Fed.R.Civ.P. 23(b)(3).

Here, the District Court abused its discretion in finding that the requirements of superiority had been met without fully analyzing the pending <u>Green</u> class action. This factor cannot be disregarded. <u>See</u> <u>Id</u>., Advisory Committee Note ("The court should inform itself of any litigation actually pending by or against the individuals. The interests of individuals in conducting separate lawsuits may be so strong as to call for denial of a class action. ….The burden that separate suits would impose on the party opposing the class, or upon the court calendars, may also fairly be considered."). <u>See also</u> <u>Becker v. Schenley Indus., Inc.</u>, 557 F.2d 346 (2d Cir. 1977) (trial judge properly denied class action certification to avoid duplicative class actions).

In the case at bar, it was error for the District Court to certify a sub-class that was virtually identical to a class already pending in the <u>Green</u> case (the NYLL "Effective Date" class) – particularly, where the <u>Kinkead</u> class representative lacked adequacy and typicality to represent the interests of this sub-class. (Exhibit A, Order at 16).

In an analogous case, on a Rule 23(f) petition, the Fourth Circuit reversed a finding of class certification where the district court failed to consider a parallel class action. On these facts, the Fourth Circuit held:

> It was an abuse of discretion for the district court to find the class action superior without analyzing whether it was superior to the adversary proceeding—the only other pending, collective proceeding having to do with the same controversy as the class action. By failing to analyze whether the class action was superior to the adversary proceeding, the district court did not consider "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class," as Rule 23(b)(3)(B) advises.

Gregory v. Finova Capital Corp., 442 F.3d 188, 191 (4th Cir. 2006). See also In re Am. Med. Sys., Inc., 75 F.3d 1069 (6th Cir. 1996) (decertifying class, where among other things, "[t]he [class certification] orders in this case threaten to throw preexisting cases into disarray. The waste of judicial resources due to duplicative proceedings is plain and not correctable on appeal.").

Permission to appeal should be granted to reinforce the Rule 23(b)(3)(B) requirement of considering "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class" when certifying a class in the context of duplicative FLSA and state law class actions.

### B. The Court's Ruling on Superiority Was Predicated on A Mistaken Application of The Law and An Erroneous Finding Of Fact.

The District Court's superiority analysis is premised on mistaken factual findings and erroneous applications of the law. See Milanese v. Rust–Oleum Corp.,

244 F.3d 104, 110 (2d Cir. 2001) ("A district court abuses its discretion if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact."). Specifically, the District Court maintains that: i) the <u>Green</u> and <u>Kinkead</u> actions are not "identical" or "duplicative" within the meaning of the first filed Rule; and ii) even if the first filed Rule were to apply, it would favor the Green action, not the <u>Kinkaid</u> action. (Exhibit A, Order at 29-20).

Significantly, these two interrelated issues are not peripheral to class-actions jurisprudence; rather, they go to the very heart of class-actions jurisprudence— what constitutes the "first filed" case when the following sequence of events occur: i) A party files a nationwide FLSA collective action in one jurisdiction; ii) a second party in another jurisdiction commences a federal action asserting its own state law claims that had never been pled in the original FLSA action; and iii) the first party attempts to gain priority over the state law claims through an amendment that will relate back to the date the FLSA action was originally filed. Considering the proliferation of duplicative and overlapping FLSA and NYLL class actions, Petitioner has presented an issue that is "of fundamental importance to the development of the law of class actions," <u>Sumitomo</u>, 262 F.3d at 140.

i. **The <u>Kinkead</u> Effective Date Class and the <u>Green</u> Overtime Class are "Identical" and "Duplicative" Within the Meaning of First Filed Doctrine.**

In the underlying certification Order, the District Court determined that the two actions were not identical and therefore the first filed rule did not apply. (Exhibit A, Order at 29) ("When I granted plaintiffs' motion to amend, I was unconvinced that the claims in this case were identical to those in <u>Green</u> and that the doctrine applied. I remain unconvinced."). However, that conclusion is factually inaccurate and a misstatement of the relevant law. Indeed, both the <u>Green</u> and <u>Kinkead</u> classes are seeking damages for home health aides living in New York from January 1, 2015 – November 12, 2015, during which time Humana unlawfully classified its home health aides as exempt. This is more than sufficient to permit a finding that the cases are "identical" and "duplicative."

It is well settled law that "[f]or a second action to be duplicative, it is not necessary that the parties be identical." <u>Howard v. Klynveld Peat Marwick Goerdeler</u>, 977 F. Supp. 654, 664 (S.D.N.Y.1997). "Rather, if the parties 'represent the same interests' the court may determine the second action to be duplicative." <u>Id</u>. (citing <u>The Haytian Republic</u>, 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)). <u>Accord</u> <u>Watson v. Jones</u>, 80 U.S. (13 Wall.) 679, 715, 20 L.Ed. 666 (1871) (To find a suit duplicative "[t]here must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for;

the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.").

This application of the term "identical" is used to determine the first filed file; therefore, misapplication of this term will result in a flawed first-filed case analysis. See Thomas v. Apple-Metro, Inc., No. 14-CV-4120 VEC, 2015 WL 505384, at *3 (S.D.N.Y. Feb. 5, 2015) (dismissing second filed case even though it was not identical "because courts in this Circuit frequently apply the first-filed rule to cases that are similar, but not identical."); Oleg Cassini, Inc. v. Serta, Inc., 2012 WL 844284(PAE), at *3 (S.D.N.Y. March 13, 2012) (for first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests"); Rivera v. Bowen, 664 F. Supp. 708, 710 (S.D.N.Y.1987) (because "the avoidance of duplicative litigation is imperative," a second action may not be maintained where the allegations and prayer for relief are the same as in a prior action). Here, the relief being sought by the Kinkead Effective Date class and the Green Overtime Class are clearly identical and duplicative. Thus, a factual and legal finding that the classes are not identical is plainly erroneous. See Order at 14-15 ("[I]t is not clear to me that the actions here are duplicative.").

### ii. The "First-to-File" Doctrine Looks to the District Court That First Obtained Jurisdiction Over the Subject Matter and Parties.

Priority for a first-filed action is based on the proposition that "the first court to obtain jurisdiction of the parties and of the issues should have priority over a second court to do so." National Equipment Rental, Limited v. Fowler, 287 F.2d 43, 45 (2d Cir. 1961); Smith v. McIver, 22 U.S. (9 Wheat.) 532, 535, 6 L.Ed. 152 (1824) (Marshall, C.J.) ("In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it."). "[T]he legal question is not merely which clerk of court was the first to stamp a complaint FILED, but which court was the first to actually 'obtain[ ] jurisdiction over the parties and the issues.'" AEI Life, LLC v. Lincoln Benefit Life Co., 305 F.R.D. 37, 44–45 (E.D.N.Y. 2015) (Weinstein, J.) (emphasis in original) (collecting cases).  Here, the instant action is the first action as to the New York claims because, until Kinkead filed its amended complaint on September 19, 2017- one year after the Green action had been commenced in New York – there were *no* New York Plaintiffs or New York claims before the Kinkead court.

In the case at bar, the District Court held that "the first-filed doctrine would—if applicable—give this suit priority over Green." (Exhibit A, Order at 30). The Court explained that "Plaintiffs filed the initial complaint in this suit before the complaint in Green, and I granted the first motion to amend on the understanding that plaintiffs

intended their New York claims to relate back to the filing of the initial complaint." Id. However, this reasoning is unpersuasive and other courts in this Circuit have refused to adopt this rule.

Notably, the Court in Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 55 (E.D.N.Y. 2015), highlighted the implication of a rule that would allow the filing of a single FLSA collective action to constitute notice of analogous state law claims, in any of the 50 states, without state-specific allegations. The Charlot Court held:

> Indeed, under the Named Plaintiffs' theory, a national defendant should be on notice of potential class claims in any state it operated as soon as an FLSA collective action was filed, and before any representative plaintiffs were identified and joined the action. This reasoning would defeat the purpose of Rule 15(c)'s notice requirement, if the filing of a single FLSA collective action automatically put a national defendant on notice of any and all potentially related state class claims that may arise.

Charlot, 97 F. Supp. 3d at 56 (collecting cases). The Charlot Court also observed that "the Named Plaintiffs fail to identify any legal authority indicating that a defendant has fair notice of potential out-of-state claims, when only a federal collective action involving a nationwide class has been pled." Id. at 55. Here, in much the same way, there is no legal authority supporting the Kinkead Plaintiffs' proposition that a single FLSA filing constitutes notice as to any and all amendments adding state law claims.

Furthermore, the legal authority cited by Judge Meyer in support of his finding that Green was not the first filed action as to the New York claims is distinguishable

and inapposite. Notably, in <u>Michel v. Petco Animal Supplies Stores, Inc</u>., No.16-CV-1838 (LDH) (PK), 2017 WL 2198962  (E.D.N.Y. May 18, 2017), the Court transferred a subsequent action, notwithstanding its inclusion of NYLL claims, because the two cases were identical putative collective actions and involved the same "*core inquiry* . . . whether Petco violated labor laws by misclassifying their Assistant Store Managers as exempt from overtime requirements and thereby failing to compensate them for overtime." <u>Id</u>. at *3 (emphasis added). In that case, the application of the exemption at issue was identical under the FLSA and NYLL. Here, in contrast, the FLSA and NYLL differ significantly with respect to lawful overtime payments owed to HHAs. In fact, the District Court readily admitted that New York law is complicated and requires a different inquiry. <u>See</u> Order at 5 ("A Complication for Plaintiffs' claims is that courts are broadly split on the question of whether New York law requires that a HHW who works a 24-hour live-in shift be paid for a full 24 hours or for only 13 hours."). Thus, <u>Petco</u> is distinguishable and does not govern the instant case.

Likewise, <u>Speedfit LLC</u> is factually distinguishable since in that case the defendants had notice of the proposed amendment. <u>See</u> <u>Speedfit LLC v. Woodway USA, Inc</u>., 53 F. Supp. 3d 561, 574 (E.D.N.Y. 2014) ("[I]t is undisputed that Speedfit provided Woodway's counsel with notice of their intent to file an amended complaint that included patent infringement claims on the ′619 and ′016 Patents. Woodway

offers no explanation or authority for its argument that plaintiffs' patent infringement claims do not relate back to the originally-filed complaint."). Here, in contrast, Humana asserted that it had absolutely no notice of Ms. Mathieu's claims until the time of the amendment. (Exhibit J, Pt. 2, at 7) ("No mention of Plaintiff Mathieu's New York claims were made in the original Complaint in this matter, and in fact, the present Complaint was actually clear in its allegations having been pursuant to FLSA and Connecticut wage claims only, not the NYLL.").

In sum, the District Court's superiority analysis under Rule 23(b)(3) was flawed since it based on errors of fact and a misapplication of the law. Specifically, the District Court determined that the two parallel actions were not "identical" or "duplicative" and also determined that <u>Green</u> was not the first filed action as to the New York claims, since the New York claims related back to the date <u>Kinkead</u> commenced.

These two interrelated issues warrant immediate review as they encompass all the compelling factors that typically merit appeal under Rule 23(f): (a) the decision turns on an "unsettled question of law" about which there is "uncertainty" in lower courts, <u>Weber</u>, 484 F.3d at 160; (b) the issue "is of fundamental importance to the development of the law of class actions"; and (c) the issue is likely to continue to evade review absent a Rule 23(f) appeal. <u>Sumitomo</u>, 262 F.3d at 140; <u>see also</u> Fed. R. Civ. P. 23 Advisory Committee Note (1998) ("1998 Committee Note"). Without

this Court's immediate review, the District Court's certification order will effectively terminate the <u>Green</u> class action forever, without any possibility of appellate review in the future.

## II.   MS. MATHIEU'S LACK OF STANDING WARRANTS DENIAL OF CLASS CERTIFICATION

### A. The Connecticut Court Lacks Jurisdiction over the NYLL Effective Date Class, Since Ms. Mathieu Lacked Standing to Represent this Class.

It is a "'long recognized' rule that 'if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim.'". <u>Police and Fire Retirement System of City of Detroit v. IndyMac MBS, Inc</u>., 721 F.3d 95, 109, Fed. Sec. L. Rep. (CCH) P 97358 (2d Cir. 2013) (finding that proposed intervenors could not use Rule 15(c) "relation back" doctrine to assert claims that district court had dismissed for lack of constitutional standing before certifying class; the court lacked jurisdiction over these claims when first raised by lead plaintiff and "that defect may not be cured by later intervention"), (quoting <u>Disability Advocates, Inc. v. New York Coalition for Quality Assisted Living, Inc</u>., 675 F.3d 149, 160, 26 A.D. Cas. (BNA) 270, 82 Fed. R. Serv. 3d 72 (2d Cir. 2012)).  It follows, then, that "if a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and

it must be dismissed; if the case only had this one class representative from the outset, then there is no opportunity for a substitute class representative to take the named plaintiff's place because this means that the court never had jurisdiction over the matter.". <u>Kinra v. Chicago Bridge & Iron Co</u>., 2018 WL 2371030, at *4 (S.D.N.Y. 2018)

For the reasons set forth below, the Connecticut Court never had jurisdiction over the New York claims. Therefore, class certification should have been denied as to the New York claims.

### A. Ms. Mathieu Does Not Have standing to represent Home Health Aides Who Worked Overtime Hours from January 1, 2015 to November 12, 2015.

In the seminal case on class standing, the Second Circuit held that the named plaintiffs could not sue on residential mortgage backed securities trusts in which they did not invest because "Plaintiffs' claims do not implicate the same set of concerns as those of absent class members who purchased certificates issued by trusts in which no named Plaintiff invested." <u>Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of New York Mellon</u>, 775 F.3d 154, 163 (2d Cir. 2014). <u>See also</u> <u>In re Parmalat Sec. Litig</u>., No. 04 MD 1653 (LAK), 2008 WL 3895539, at *3 (S.D.N.Y. Aug. 21, 2008) (common stock holders lacked standing to bring claims on behalf of debt holders "notwithstanding the allegations that the same general course of conduct allegedly engaged in by defendants caused injury to all

putative class members"); <u>In re Salomon Analyst Level 3 Litig</u>., 350 F. Supp. 2d 477, 497 (S.D.N.Y. 2004) (dismissing claims where "named plaintiffs who have only alleged injury on the basis of their equity purchases lack standing to pursue a claim that the alleged misrepresentations caused injuries by artificially inflating the prices of certain bonds, where none of the named plaintiffs purchased those bonds.").

Ms. Mathieu's claims do not implicate the same set of concerns as those of absent class members who worked multiple twenty-four hour shifts in a row. As set forth in Ms. Green's motion for partial summary judgment -- which was just granted by Judge Nathan today -- Humana's liability is undisputed since it admitted to classifying its Home Health Aides as exempt from January 1, 2015 to November 12, 2015. Thus, the number of hours Plaintiff Green worked is relevant to her damages, *not to liability*. Indeed, there is no dispute that Ms. Green worked more than 40 hours per week, under both the 13 hours out of 24-hour shift rule and the more expansive rule under review in the Court of Appeals.

Ms. Mathieu, in contrast, has to establish that she "worked" more than 40 hours as it is understood legally and factually under New York law, before even reaching the question of liability. Thus, the number of hours Ms. Mathieu worked per week (39 hours, 72 hours, or somewhere in between) is relevant to both liability and damages, making her claim materially different than that of Ms. Green and many absent class members.

Stated otherwise, since Judge Nathan has now determined that Humana's Portal Act defense fails, Ms. Green and all absent class members who similarly worked more than three 24-hour live-in shifts in a workweek have a *present* a cognizable injury and a live controversy. (Exhibit P). However, in Ms. Mathieu's case, even if Judge Meyer were to determine that Humana's Portal Act defense fails, she still would not necessarily have a cognizable injury – it would depend on what constitutes "work" in a twenty-four shift. See Order at 5 ("A Complication for Plaintiffs' claims is that courts are broadly split on the question of whether New York law requires that a HHW who works a 24-hour live-in shift be paid for a full 24 hours or for only 13 hours."). Thus, at all relevant times, Ms. Mathieu lacked standing to represent the Effective Date class as her inclusion in this class is speculative. At minimum, she lacked standing to effectively represent the interests of all Home Health Aides who worked more than three twenty-four shifts in a workweek.

Ms. Mathieu's lack of standing as to the Effective Date sub-class vitiates the Court's subject matter jurisdiction. IndyMac MBS, Inc., 721 F.3d at 109; Kinra, 2018 WL 2371030, at *4. Indeed, it is well settled law that standing must be demonstrated on a claim-by-claim basis; a purported representative may not "piggy-back" representation for claims it does not possess onto claims it does have against the defendants. See Lewis v. Casey, 518 U.S. 343, 357, 116 S. Ct. 2174, 2183, 135

L. Ed. 2d 606 (1996) ("that a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent") (internal citations and quotations omitted); W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 106 (2d Cir. 2008), cert. denied, 556 U.S. 1193, 129 S. Ct. 2011, 173 L. Ed. 2d 1088 (2009) (Named plaintiffs in a class action "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent. Unless [they] can thus demonstrate the requisite case or controversy between themselves personally and [defendants], 'none may seek relief on behalf of himself or any other member of the class.'"); In re Lehman Bros. Securities and Erisa Litigation, 684 F. Supp. 2d 485, 490–491 (S.D. N.Y. 2010), aff'd, 650 F.3d 167 (2d Cir. 2011) ("Standing is a threshold constitutional requirement that mandates an allegation of injury traceable to the conduct of which plaintiffs complain. It cannot be dispensed with by styling the complaint as a class action. In a class action, as in any other lawsuit, the named plaintiffs must "show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class … they purport to represent"). Lewis v. Casey, 518 U.S. 343, 357, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)).

This Court should review whether a District Court may allow a class representative who has only a speculative "injury" and "live controversy" to satisfy Rule 23 and Article III standing. Immediate review of this question is necessary as it is not only legally significant but also "likely to escape effective review after entry of final judgment." Sumitomo, 262 F.3d at 140.

## **CONCLUSION**

The Court should grant the petition for review and reverse the District Court's class certification order.

Dated: New York, New York
        April 1, 2019

                                        JOSEPH & NORINSBERG, LLC

                                        By: _____
                                        Chaya M. Gourarie, Esq.
                                        225 Broadway, Suite 2700
                                        New York, New York 10007
                                        Tel: (212) 227-5700
                                        Fax: (212) 406-6890
                                        chaya@norinberglaw.com
                                        *Attorneys for Plaintiff and Putative*
                                        *Class in Green v. Humana*

TO:

Noel Tripp, Esq.
JACKSON LEWIS P.C.
58 South Service Road, Suite 250
Melville, NY 11747
Direct: (631) 247-4661
Main: (631) 247 0404
Noel.Tripp@jacksonlewis.com
*Counsel for Defendant Humana in Green v. Humana*

Michael J.D. Sweeney, Esq.
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street
Kingston, NY 12401
phone: (845)255-9370
fax: (845) 255-8649
Email:msweeney@getmansweeney.com
*Counsel for Plaintiffs in Kinkead v. Humana*

David R. Golder (ct 27941)
Alexa M. Farmer (ct 30052)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
Tel: (860) 522-0404
Fax: (860) 247-1330
golderd@jacksonlewis.com
*Counsel for Defendants in Kinkead v. Humana*