UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Molly Green,

Plaintiff,

–v–

Humana At Home, Inc.,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 0 8 2019

16 Civ. 7586 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Now before the Court is Defendant Humana at Home's ("Humana") motion for certification of an interlocutory appeal of the Court's March 30, 2019 Opinion and Order granting in part Plaintiff Molly Green's motion for partial summary judgment and denying Humana's motion for summary judgment. For the reasons that follow, Humana's motion is DENIED.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of the case.

### A. Procedural and Regulatory Background

In brief, this action arose out of the Department of Labor's ("DOL") decision to remove a FLSA exemption for third-party agencies employing home health workers. In 1975, DOL had promulgated implementing regulations directing that live-in household employees employed by third parties were subject to an exemption from FLSA protection. *See* MTD Op., Dkt. No. 32 at 2 (describing this background). In 2013, DOL promulgated a new rule providing that such third-

party agencies were no longer exempt from FLSA's overtime and minimum wage provisions. *See* Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60,454 (Oct. 1, 2013) (codified at 29 C.F.R. Pt. 552) (the "third-party employer rule" or "home care rule"). This rule was assigned an effective date of January 1, 2015. *Id.*

On December 22, 2014, the District Court for the District of Columbia declared the third-party employer rule invalid; eight months later, the D.C. Circuit reversed. *See Home Care Ass'n of Am. v. Weil* (*Weil I*), 76 F. Supp. 3d 138, 139–40 (D.D.C. 2014), *rev'd*, 799 F.3d 1084, 1087 (D.C. Cir. 2015) (*Weil II*). The D.C. Circuit's mandate issued on October 12, 2015. In the fall of 2014 and following each development in the *Weil* litigation, the DOL issued policy statements informing employers that it would not enforce the regulation until November 12, 2015. *See, e.g.*, Dkt. No. 56-1, Application of the Fair Labor Standards Act to Domestic Service; Announcement of Time-Limited Non-Enforcement Policy, 79 Fed. Reg. 60,974 (Oct. 9, 2014) (codified at 29 C.F.R. Pt. 552).

On September 28, 2016, Plaintiff Molly Green filed this action on behalf of herself, a FLSA collective, and a Rule 23(b)(3) class, alleging that she and similarly situated Humana employees were entitled to overtime payments under the FLSA and the NYLL and corresponding wage statements and spread-of-hours payments under the NYLL over the period from January 1, 2015 through November 12, 2015 as a result of the third-party employer rule. Dkt. No. 1. Humana moved to dismiss Green's complaint on the grounds that the third-party employer rule did not go into effect until either the date on which the DOL began enforcing the rule or the date on which the D.C. Circuit's mandate issued. *See* Dkt. No. 14 at 7–14. The Court denied Humana's motion on the grounds that the D.C. Circuit's decision applied retroactively and therefore that the third-party employer rule should be treated as effective beginning on

January 1, 2015. MTD Op. at 7, 19, 23.

On April 20, 2018, Green filed a motion to certify a Rule 23(b)(3) class of Humana home health aides based on two of her class claims: (1) her NYLL unpaid overtime claim and (2) her NYLL wage statements claim. Dkt. No. 47; Dkt. No. 48 at 8. Pursuant to a briefing schedule entered by the parties, Green filed a motion for partial summary judgment on April 26, 2018, Humana filed a motion for summary judgment on June 8, 2018, and briefing on all three motions was completed on January 18, 2019. Dkt. Nos. 53, 65, 98.

### B. The Court's March 2019 Opinion & Order

On March 30, 2019, the Court resolved the pending motions. MSJ Op., Dkt. No. 117. It administratively denied Green's class certification motion on the grounds that the proposed class was largely subsumed by a class of Humana employees that had recently been certified in an action pending in the District of Connecticut, *Kinkead v. Humana, Inc.*, No. 3:15-CV-1637 (JAM) (D. Conn.). *Id.* at 6. The Court then granted in part and denied in part Green's motion for partial summary judgment and denied Humana's cross-motion for summary judgment. *Id.* at 28.

The summary judgment record showed that Green was employed with Humana from April 2015 through November 3, 2016, during which time she primarily worked as a live-in home health aide and was classified as exempt from the FLSA. MSJ Op. at 8. Humana became aware of the third-party employer rule in late 2013 or 2014 and contended that it planned to reclassify home care workers on January 1, 2015 based on the new rule, although Green contested whether it in fact intended to do so. *Id.* at 9–10. After *Weil I*, however, Humana understood that the DOL would not be able to enforce the third-party employer rule, and accordingly determined that the 1975 Regulation would continue in effect. *Id.* at 10. It

therefore declined to reclassify its workers. *Id.* After *Weil II*, Humana maintained that it became aware that the D.C. Circuit's decision would not become effective until October 13, 2015 and that DOL had issued nonenforcement policies through November 12, 2015. *Id.* at 11. Humana discussed such developments internally and decided to continue to treat its employees as exempt through November 12, 2015. *Id.* at 11–12.

As relevant to the present motion, the primary issue in the summary judgment briefing was whether Humana was entitled to assert a Portal-to-Portal Act defense for its purported good-faith reliance on each of the administrative pronouncements discussed above: from January 1, 2015 to October 12, 2015, on the 1975 Regulation; and from October 13, 2015 to November 12, 2015, on DOJ's express written nonenforcement policies as to the third-party employer rule. MSJ Op. at 16 (citing Dkt. No. 92, Humana MSJ Reply at 1). The Court concluded that summary judgment was warranted for Green as to each putative Portal-to-Portal Act Defense. First, the Court concluded that, as a matter of law, Humana was not entitled to a Portal-to-Portal Act defense for its first period of noncompliance because its defense was inescapably predicated on a judicial opinion, not objectively reasonable reliance on a written administrative regulation. *Id.* at 17–21. Second, the Court concluded that Humana was not entitled to a Portal-to-Portal Act for the second period of noncompliance, as it failed to raise a genuine dispute of material fact as to whether its reliance on DOJ nonenforcement policies was objectively reasonable: the policies on which it purported to rely were not so specific as to leave no room for interpretation as to employers' liability in private enforcement actions. *Id.* at 21–24.

On April 19, 2019, Humana filed a motion to certify the Court's March 2019 Opinion and Order for interlocutory appeal based upon the Court's disposition of its Portal-to-Portal Act defenses. *See* Dkt. Nos. 123–24. That motion was fully briefed on June 19, 2019. *See* Dkt. Nos.

129, 132.

## II. LEGAL STANDARD

"[I]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Nevertheless, 28 U.S.C. § 1292(b) carves out a limited exception to this rule upon the consent of both the district court and the court of appeals. Under this Section, the district court may certify an order for an interlocutory appeal if it concludes that the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because the statute is written conjunctively, the absence of any of the foregoing elements is sufficient to deny a motion to certify an interlocutory appeal. *See Prout v. Vladeck*, 319 F. Supp. 3d 741, 747 (S.D.N.Y. 2018) (declining to certify interlocutory appeal because "there is not a substantial ground for difference of opinion on any controlling question of law").

"[A]lthough [section 1292(b)] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler*, 101 F.3d at 865; *see also Prout*, 319 F. Supp. 3d at 746–47 (explaining that the standard for interlocutory appeal is "high" and that such appeals are "rare, and reserved for exceptional circumstances") (quotation omitted). Section 1292(b) was "not . . . intended to function merely as a vehicle to provide early review of difficult rulings in hard cases." *City of Almaty v. Ablyazov*, No. 15-cv-5345 (AJN), 2017 WL 1424326, at *1 (S.D.N.Y. Apr. 20, 2017) (internal quotation omitted).

Moreover, even if a "district court concludes that the three factors in § 1292(b) are met, it

nevertheless retains 'unfettered discretion' to deny leave to appeal." *Frederick v. New York City*, No. 11-cv-469 (JPO), 2013 WL 310441, at *5 (S.D.N.Y. Jan. 24, 2013) (quoting *City of New York v. Milhelm Attea & Bros., Inc.*, No. 06-cv-3620 (CBA), 2012 WL 4959502, at *3 (E.D.N.Y. Oct. 17, 2012)); *see also In re The City of New York*, 607 F.3d 923, 933 (2d Cir. 2010) ("The certification of an interlocutory appeal . . . is entirely a matter of discretion for the District Court."). Such unfettered discretion can be exercised "for 'any reason, including docket congestion' and 'the system-wide costs and benefits of allowing the appeal.'" *Lopez v. Overtime 1st Ave. Corp.*, 252 F. Supp. 3d 268, 273 (S.D.N.Y. 2017) (Sullivan, J.) (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014)).

## III. ANALYSIS

The Court now turns to the section 1292(b) analysis. For the reasons that follow, the Court declines to certify its March 2019 Opinion and Order for interlocutory appeal.

Courts in this Circuit typically evaluate whether a controlling question of law exists by considering whether either (1) "reversal of the district court's opinion could result in dismissal of the action"; (2) "reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action," or (3) "the certified issue has precedential value for a large number of cases." *In re A2P SMS Antitrust Litig.*, No. 12-cv-2656 (AJN), 2015 WL 876456, at *3–4 (S.D.N.Y. Mar. 2, 2015) (quotation omitted); *see also id.* (citing cases). They apply the further requirement that the issue be a "'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Id.* (quoting *Capitol Records LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013)).

And courts examine whether there are substantial grounds for difference of opinion as to the controlling question of law if "(1) there is conflicting authority on the issue; or (2) the issue is

particularly difficult and of first impression for the Second Circuit." *Capitol Records*, 972 F. Supp. 2d at 551. "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion," however, and district courts must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (emphasis in original) (quotation omitted); *see also SEC v. Straub*, No. 11-cv-9645, 2013 WL 4399042, at *2 (S.D.N.Y. Aug. 5, 2013) (Sullivan, J.) (noting that interlocutory appeals exist primarily to enable courts of appeals to rule on "ephemeral questions of law that might disappear in the light of a complete and final record" or to "avoid protracted litigation") (quotation omitted).

To meet these standards, Humana argues that whether it is entitled to a Portal-to-Portal Act defense constitutes a controlling question of law and that there are at least three legal issues underlying its Portal-to-Portal Act defenses about which there are significant grounds for a difference of opinion. The parties disagree as to the precise formulation of these issues, so the Court offers its own: (1) whether or to what extent an employer's Portal-to-Portal Act defense may rely on a judicial opinion; (2) whether, under the circumstances of the present case, an employer must have a written administrative basis for concluding that a regulation continues to apply in order to assert a Portal-to-Portal Act defense; and (3) whether and under what circumstances an employer's reasonable reliance on nonenforcement policies may give rise to a Portal-to-Portal Act defense. At a minimum, the Court cannot agree with Humana that there are substantial grounds for difference of opinion as to the third issue. For the reasons that follow, the absence of such grounds warrants denying certification of the Court's Order.

First, there are not substantial grounds for dispute as to the third issue identified by

Humana. To be sure, Humana could be correct that the Portal-to-Portal Act's allowance for good-faith reliance on administrative enforcement policies applies equally to actions brought by agencies and actions brought by private plaintiffs, as a function either of statutory text or of policies disfavoring distinctions between private and public FLSA enforcement. It could also be correct that the Second Circuit's opinion in *Darr v. Mutual Life Insurance Co. of New York*, 169 F.2d 262 (2d Cir. 1948), should be read as holding that an agency nonenforcement policy may be a basis for an employer to assert the Portal-to-Portal Act defense against a private plaintiff.

But even if it were correct on both points, Humana fails to show that there is substantial ground for dispute as to whether the specific DOL enforcement policies at issue in the instant matter qualify as the basis for a Portal-to-Portal Act defense. Under the standard the Second Circuit articulated in *EEOC v. Home Insurance Co.*, decades after *Darr*, agency advice must be "specific" and "le[ave] no room for interpretation" in order to support a Portal-to-Portal Act defense. 672 F.2d 252, 265 (2d Cir. 1982). Here, the DOL's policy statements were silent as to private nonenforcement and explicitly reiterated an "effective date" of January 1, 2015. As the Court has explained at multiple junctures, the agency's repeated insistence that January 1, 2015 constituted the "effective date" would have had no apparent meaning if agency nonenforcement policies prevented enforcement of the rule by both private and public actors. *See* MSJ Op. at 24; MTD Op. at 21–22. Accordingly, the enforcement policies were insufficiently specific and unambiguous to support good-faith reliance under the governing standard. There are thus—at a minimum—no substantial grounds for dispute as to whether Humana could rely in good faith on agency nonenforcement policies to defend itself against actions brought by private plaintiffs challenging its failure to implement the Home Care Rule from October 13, 2015 to November 12, 2015.

Given the foregoing, whether Humana is entitled to a Portal-to-Portal Act defense cannot constitute a controlling issue of law as to which there are substantial grounds for dispute. First, without grounds for dispute as to whether it is entitled to its second Portal-to-Portal Act defense, Humana has not demonstrated that reversal of the Court's Opinion and Order could result in dismissal of the action. The contemplated interlocutory appeal will only result in dismissal of this action if the Second Circuit agrees with Humana that it is entitled to a separate Portal-to-Portal Act defense for each of the two periods at issue here. That disposition requires resolving each of the above-described issues in Humana's favor—as well as the further, contested determination that there are no genuine disputes of fact as to whether Humana's purported good-faith reliance was objectively reasonable. *See* MSJ Op. at 9–10 (discussing parties' disagreement whether Humana planned to comply with the third-party employer rule). But Humana has not shown a substantial likelihood that the Second Circuit would reach this disposition as to Humana's second Portal-to-Portal Act defense. Accordingly, there are not substantial grounds for disagreement as to an issue the appeal of which would result in dismissal of this action.

For similar reasons, Humana has failed to show that reversal on an issue as to which there is substantial grounds for dispute would significantly alter the conduct of the action. Even if there were substantial grounds for dispute as to the remaining issues identified in Humana's submission, and even if those issues were resolved in its favor, the extent of Humana's FLSA and NYLL liability for the remaining claims would still need to be decided. Nor has Humana shown that a certified issue will have precedential value for a large number of cases. Although Humana is correct that FLSA litigation, including around the Home Care Regulation, is widespread around the country and in this district, its application falls short of identifying a

significant number of cases that have raised the issues on which it currently seeks appellate guidance.

Accordingly, although whether Humana is entitled to Portal-to-Portal Act defenses may constitute a controlling issue of law in the abstract, as applied to this case, Humana fails to demonstrate that the Court should exercise its discretion to certify an interlocutory appeal. Humana does not identify controlling issues of law as to which there are substantial grounds for dispute. Although the parties do not contest this question, there is also serious doubt as to whether immediate appeal would materially advance the termination of this litigation. As the Court explains above, even if the Court's disposition of Humana's first Portal-to-Portal Act defense were reversed, Humana's liability for the second period remains to be determined. And even if the Court's disposition of both such defenses were reversed, the question of whether genuine disputes of fact exist as to either defense would itself remain.

Accordingly, the Court "exercises its unfettered discretion to deny leave to appeal." *Frederick*, 2013 WL 310441, at *6 (internal quotation marks omitted). It concludes that certification would neither "avoid protracted litigation," *Straub*, 2013 WL 4399042, at *2 (quoting *In re World Trade Ctr. Disaster Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007)), nor "ensure that the courts of appeals would be able to rule on ephemeral questions of law that might disappear in the light of a complete and final record," *id.* (quoting *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007)) (alterations omitted).

## IV. CONCLUSION

For the reasons given above, Humana's motion to certify an interlocutory appeal is hereby DENIED. This resolves docket item number 123. Within one week, the parties shall submit a joint letter outlining their positions on whether a stay is appropriate pending the

disposition of the parties' Rule 23(f) petitions.

SO ORDERED.

Dated: August 8, 2019
New York, New York

ALISON J. NATHAN
United States District Judge