# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

MOLLY GREEN, on behalf of herself and all others similarly situated,

                      Plaintiff,

-against-

HUMANA AT HOME, INC, d/b/a SENIORBRIDGE FAMILY COMPANIES, INC.

                      Defendant.

Civ. No.: 16-cv-07586-AJN

------------------------------------------------------------------------X

**HUMANA AT HOME'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

Defendant Humana at Home, Inc. ("Humana") by its attorneys, Jackson Lewis P.C., hereby submits this response to Plaintiff's Statement of Undisputed Facts (Dkt. 55) pursuant to Local Civil Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

1.      Plaintiff Molly Green was employed as a home health aide for HUMANA AT HOME, INC, d/b/a/ SENIORBRIDGE FAMILY COMPANIES, INC. ("Humana" or "Defendant") from April 2015 through November 3, 2015. (See Norinsberg Decl., Ex. D [Green Decl. ¶ 2]).

**Defendant's Response #1:**    Undisputed.

2.      Plaintiff received compensation from Humana. (See Norinsberg Decl., Ex. D – E).

**Defendant's Response #2:**    Undisputed.

3. During the course of her employment, Ms. Green primarily worked as a "live-in" home health aide and provided care and domestic services to a client on a twenty-four-hour basis. (See Norinsberg Decl., Ex. D [Green Decl.] ¶ 6).

**Defendant's Response #3:** **Humana does not dispute that Ms. Green primarily worked as a "live-in" home health aide, but disputes her characterization of the nature of such assignment as being on a "twenty-four-hour basis." (*See* Declaration of Molly Green In Support Of Class Certification [Dkt. 56-4], ¶ 3 (acknowledging Caregiver Employment Agreement), ¶ 6 (Plaintiff was allowed to sleep through part of her shift); Declaration of Noel P. Tripp ["Tripp Dec."], Ex. B. (reasonable agreement of the parties stated that live-in shift was "8 hours of intermittent work per day").)**

4. While employed as a "live-in", Ms. Green was not paid overtime wages at the statutory rate of one-and-one half times her regular pay rate, for all hours worked in excess of forty in a given week. (Id. ¶ 9).

**Defendant's Response #4:** **Humana does not dispute that Ms. Green was treated as an exempt employee throughout the term of her employment in reliance on DOL's 1975 companionship regulation, administrative practices, and enforcement policies. (*See generally* Declaration of Kathy Driscoll.)**

5. For several weeks, at the outset of her employment, Ms. Green worked as an "hourly worker," rather than a live-in, during which time she worked a 12-hour shift, from 8:00 a.m. to 8:00 p.m., at the rate of $10.10 an hour. (Id. ¶ 5).

**Defendant's Response #5:** **Undisputed.**

6. While employed as an "hourly worker", Ms. Green was denied overtime wages at the statutory rate of one-and-one half times her regular pay rate, for all hours worked in excess of forty in a given week. (Id.).

**Defendant's Response #6:** **Humana does not dispute that Ms. Green was treated as an exempt employee throughout the term of her employment in reliance on DOL's 1975 companionship regulation, administrative practices, and enforcement policies. (*See generally* Declaration of Kathy Driscoll.)**

7. Ms. Green did not receive wage statement that reflected weekly overtime pay at the statutory rate of one-and-one-half times the regular hourly rate for all hours worked in excess of 40 in a given workweek. (Id. ¶ 9; Norinsberg Decl., Ex. E).

> **Defendant's Response #7:** Humana does not dispute that Ms. Green's wage statements did not reflect weekly overtime pay because Ms. Green was treated as an exempt employee throughout the term of her employment in reliance on DOL's 1975 companionship regulation, administrative practices, and enforcement policies. (*See generally* Declaration of Kathy Driscoll.) To the extent that Ms. Green was misclassified and no defense applies, as set forth in the accompanying memorandum of law, the NYLL does not provide for "derivative" claims related to wage statements.

8. Humana previously represented to this Court that it considered Plaintiff and all similarly situated plaintiffs "exempt" from overtime pay for the time period of January 1, 2015 - November 12, 2015. [Dkt. 14, Def. Mem. in Support of Motion To Dismiss ("Def Mem."), pg. 1-2].

> **Defendant's Response #8:** Humana does not dispute that its position is that, from January 1, 2015 to November 12, 2015, its companionship employees could be classified as exempt employees in reliance on DOL's 1975 companionship regulation, administrative practices, and enforcement policies. (*See generally* Declaration of Kathy Driscoll.) Humana disputes that any "similarly situated plaintiffs" exist.

9. Humana previously represented to this Court that "the companionship exemption applied for Plaintiff's entire employment." See Def Mem. at 1.

> **Defendant's Response #9:** Humana does not dispute that its position is that Ms. Green was treated as an exempt employee throughout the term of her employment in reliance on DOL's 1975 companionship regulation, administrative practices, and enforcement policies. (*See generally* Declaration of Kathy Driscoll.)

10. Humana previously represented to the Court that it began complying with the Home Care Final Rule on or about November 12, 2015. See Def Mem. at 1, n. 2.

> **Defendant's Response #10:** Humana does not dispute that its Memorandum of Law In Support of Defendant's Motion to Dismiss states: "Humana begin complying with the Home Care Regulation promptly upon its [November 12, 2015] effective date." (Dkt. 14, p 2, n. 2.)

11. This court held that Humana was required to pay its employees in accordance with the DOL's regulation (the Home Care Final Rule) as of January 1, 2015. See Green v. Humana at Home, Inc., No. 16-cv-7586 (AJN), 2017 U.S. Dist. LEXIS 162961 *1-2 (S.D.N.Y. Sep. 29, 2017) ("[T]he Court finds that, as a matter of law, the rule entitling Green to minimum wage and overtime payments was effective January 1, 2015, which was prior to the end of Green's employment.").

> **Defendant's Response #11:** Disputed as incomplete. Plaintiff accurately recites the Court's decision as to the effective date of the DOL regulation at issue. The Court did not hold, however, that Humana could not prevail on a defense of good faith reliance under 29 U.S.C. § 259. (*See* Dkt. 32.)

12. Additionally, this Court held that "Humana has not demonstrated as a matter of law that it had a subjective good-faith belief that it was immunized from private suits under third-party employer rule until November 12, 2015, and that this belief was objectively reasonable." Green, 2017 U.S. Dist. LEXIS 162961, at *31.

> **Defendant's Response #12:** Disputed as incomplete. Plaintiff accurately recites the Court's decision on the motion to dismiss. The Court did not hold, however, that Humana could not prevail on summary judgment as to its defense of good faith reliance under 29 U.S.C. § 259. (*See* Dkt. 32.)

13. The Home Care Final Rule, publicized and issued on October 1, 2013, had an effective date of January 1, 2015. See 78 Fed. Reg. 60454–01.

> **Defendant's Response #13:** Disputed as incomplete. The Home Care Final Rule had a published effective date of January 1, 2015. The regulation, however, was enjoined and vacated by the U.S. District Court for the District of Columbia. *Home Care Ass'n of Am. v. Weil*, 76 F. Supp. 3d 138 (D.D.C. 2014); *Home Care Ass'n of Am. v. Weil*, 78 F. Supp. 3d 123, 124 (D.D.C. 2015). The D.C. Circuit later reversed the vacatur, issuing its mandate on October 13, 2015. *See Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084, 1089 (D.C. Cir. 2015). DOL issued a formal enforcement policy stating that the new regulation would not be enforced until November 12, 2015. *See* "Application of the Fair Labor Standards Act to Domestic Service: Dates of Previously Announced 30-Day Period of Non-Enforcement," 80 Fed. Reg. 65646 (Oct. 27, 2015). Federal courts have split as to whether the D.C. Circuit's decision is retroactive to January 1, 2015. (*See* Dkt. 32 at 12-13, collecting cases.) Likewise, Plaintiff's statement does not take into account Humana's good faith reliance on DOL's regulation, administrative practices, and enforcement policies pursuant to 29 U.S.C. § 259. (*See generally* Declaration of Kathy Driscoll.)

4

14. The DOL has consistently maintained that the effective date of the rule was January 1, 2015. See Application of the Fair Labor Standards Act to Domestic Service; Announcement of Time-Limited Non-Enforcement Policy, 79 Fed. Reg. 60,974 (Oct. 9, 2014) ("The [DOL's] October 1, 2013, Final Rule . . . which extends Fair Labor Standards Act (FLSA) protections to most home care workers will become effective on January 1, 2015. *The Department is not changing this effective date."*) (Norinsberg Decl., Exhibit A). (emphasis supplied); Application of the Fair Labor Standards Act to Domestic Service; Announcement of 30-Day Period of Non-Enforcement, 80 Fed. Reg. 55,029 (Sept. 14, 2015) *("The [DOL's] Final Rule . . . had an effective date of January 1, 2015.*") (Norinsberg Decl., Exhibit B) (emphasis added); Application of the Fair Labor Standards Act to Domestic Service; Dates of Previously Announced 30-Day Period of Non-Enforcement, 80 Fed. Reg. 65646-01 (Oct. 27, 2015) (same) (Norinsberg Decl., Exhibit C).

> **Defendant's Response #14:** Disputed. DOL issued a formal enforcement policy stating that the new regulation would not be enforced until November 12, 2015. *See* "Application of the Fair Labor Standards Act to Domestic Service: Dates of Previously Announced 30-Day Period of Non-Enforcement," 80 Fed. Reg. 65646 (Oct. 27, 2015). Federal courts (to which the DOL is subordinate) have split as to whether the D.C. Circuit's decision is retroactive to January 1, 2015. (*See* Dkt. 32 at 12-13, collecting cases.) Likewise, Plaintiff's statement does not take into account Humana's good faith reliance on DOL's regulation, administrative practices, and enforcement policies pursuant to 29 U.S.C. § 259. (*See generally* Declaration of Kathy Driscoll.)

15. There was no written administrative ruling which supported Humana's decision to classify Plaintiff and similarly situated class members as exempt after January 1, 2015.

> **Defendant's Response #15:** Disputed. Under 29 U.S.C. § 259, employers may rely on more than an "administrative ruling." Employers may rely on any "administrative regulation, order, ruling, approval, or interpretation" from the DOL, as well as any DOL administrative practice or enforcement policy." 29 U.S.C. § 259(a). As described at length in Humana's memorandum of law, filed herewith, Humana relied on DOL's 1975 companionship regulation, administrative practices, and enforcement policies. (*See generally* Declaration of Kathy Driscoll.) Humana further disputes that any "similarly situated class members exist" or that any class has been certified.

5

16. There was no written administrative ruling which supported Humana's decision to deny Plaintiff and class members overtime wages at the statutory rate, after January 1, 2015.

> **Defendant's Response #16:** Disputed. Under 29 U.S.C. § 259, employers may rely on more than an "administrative ruling." Employers may rely on any "administrative regulation, order, ruling, approval, or interpretation" from the DOL, as well as any DOL administrative practice or enforcement policy." 29 U.S.C. § 259(a). As described at length in Humana's memorandum of law, filed herewith, Humana relied on DOL's 1975 companionship regulation, administrative practices, and enforcement policies. (*See generally* Declaration of Kathy Driscoll.) Humana further disputes that any "similarly situated class members exist" or that any class has been certified.

17. From January 1, 2015 to November 12, 2015, Humana did not pay its Home Health Aides overtime wages at the statutory rate of one-and-one half times the regular pay rate, for each hour over 40 in a workweek.

> **Defendant's Response #17:** Humana does not dispute that Ms. Green was treated as an exempt employee throughout the term of her employment in reliance on DOL's 1975 companionship regulation, administrative practices, and enforcement policies. (*See generally* Declaration of Kathy Driscoll.) Humana objects to this statement to the extent it purports to apply to any Home Health Aide other than Ms. Green. Ms. Green is the sole plaintiff in this action. No class has been certified. Any other Home Health Aide is a non-party and irrelevant to this motion.

18. From January 1, 2015 to November 12, 2015, Humana did not provide wage notices to its home health aides, that identified the correct overtime rate for all hours worked in excess of 40 hours in a workweek.

> **Defendant's Response #18:** Humana does not dispute that Ms. Green's wage statements did not reflect overtime rates of pay because Ms. Green was treated as an exempt employee throughout the term of her employment in reliance on DOL's 1975 companionship regulation, administrative practices, and enforcement policies. (*See generally* Declaration of Kathy Driscoll.) To the extent that Ms. Green was misclassified and no defense applies, as set out in the accompanying memorandum of law, the NYLL does not provide for "derivative" claims related to wage statements. Humana objects to this statement to the extent it purports to apply to any Home Health Aide other than Ms. Green. Ms. Green is the sole plaintiff in this action. No class has been certified. Any other Home Health Aide is a non-party and irrelevant to this motion.

Dated: Melville, New York
June 8, 2018

6

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

90 State House Square, 8th Fl.
Hartford, Connecticut 06103
(860) 522-0404


By: ___*/s/David R. Golder*___
NOEL P. TRIPP, ESQ.
DAVID R. GOLDER, ESQ.

7

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 8, 2018, the enclosed **RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service, upon the following parties and participants:

JON L. NORINSBERG, ESQ.
BENNITTA L. JOSEPH, ESQ.
CHAYA M. GOURARIE, ESQ.
JOSEPH & NORINSBERG
*ATTORNEYS FOR PLAINTIFF*
225 Broadway, Ste. 2700
New York, New York 10007

                                                */s/Noel P. Tripp*
                                                NOEL P. TRIPPP, ESQ.

Case 1:16-cv-07558-AJN-BCM Document 169-3 Filed 06/28/19 Page 9 of 9