UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MOLLY GREEN, on behalf of herself and all others
similarly situated,

                            Plaintiff,

               -against-

HUMANA AT HOME, INC, d/b/a
SENIORBRIDGE FAMILY COMPANIES, INC.

                       Defendant.

-----------------------------------------------------------------X

Civ. No.: 16-cv-07586-AJN

## DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF CLASS CERTIFICATION

NOEL P. TRIPP, ESQ.
DAVID R. GOLDER, ESQ.
JACKSON LEWIS P.C.
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

90 State House Square, 8th Fl.
Hartford, Connecticut  06103
(860) 522-0404

*ATTORNEYS FOR DEFENDANT*

Defendant, with leave of Court (Minute Order 01/24/2020), submits this Sur-Reply in Opposition to Plaintiff's Renewed Motion for Class Certification (Dkt. 157, "Motion") and in response to Plaintiff's Reply in support of the Motion (Dkt. 169).

## I. DEFENDANT DID NOT MADE ANY ADMISSION REGARDING ALLEGEDLY SIMILARLY SITUATED INDIVIDUALS, OR REGARDING ANY PURPORTED "POLICY" ALLEGED BY PLAINTIFF

Although Plaintiff quotes from Defendant's summary judgment evidence to contend that Defendant "continue[d] to treat its companionship employees as exempt while the DOL's appeal was pending," as set forth in Defendant's Opposition (Dkt.162 ("Opp.") at 8), "companionship employees" and "home health aides" were not coextensive as a matter of Defendant's practices *even when the companionship exemption applied as a matter of law*. In other words, a statement regarding Defendant's general overtime practices relating to the companionship exemption during a particular time period is not a statement regarding how all home health aides were paid, before you reach the subordinate questions of how many hours they worked and how that information was reflected on wage statements. The most relevant example being New York, where – despite qualifying for the companionship exemption based on their duties prior to the Final Rule – non-live-in home health aides always were paid overtime (i.e., treated as non-exempt), as Plaintiff concedes. Opp. at 6. This was also true in other states.[1] Dkt. 163-6.

Plaintiff then attempts to extend that miscomprehension to the specific issue of wage statements, citing one specific section of Defendant's response to Plaintiff's 56.1 statement relating specifically and only to Ms. Green. (Dkt. 169 ("Reply") at 3-4). As Defendant's cited

---

[1] Of course, those other states are irrelevant for purposes of the instant New York Labor Law discussion, as the NYLL applies only to New York work. *See generally O'Neill v. Mermaid Touring, Inc.*, 968 F. Supp. 2d 572 (S.D.N.Y. 2013). Defendant notes only that Plaintiff has failed entirely to identify a class of individuals, New York-based or otherwise.

citations laying out the general doctrine of judicial estoppel. At no time has Defendant taken the position that Plaintiff was similarly situated to any other individual, nor taken a position contrary to its position regarding the utter lack of evidence relating to Plaintiff's new proposed class.

## III.    Plaintiff Fundamentally Misapplies Law of the Case Doctrine

Puzzlingly, Plaintiff cites the Court's summary judgment order regarding Ms. Green's overtime claim as "law of the case", as though certification of a class of unidentified individuals with no evidentiary showing, and a corresponding assessment of the Rule 23 standard, had already occurred or somehow flowed from the court's summary judgment conclusion regarding a separate claim involving only Plaintiff.[5] This is not a proper application of the law of the case doctrine, for the applicability of which Plaintiff cites *United States v. Quintieri*,[6] (citations omitted), a criminal case relating to sentencing. The more applicable doctrine, of course, is the rule against one-way intervention, which bars Plaintiff from arguing exactly as she argues regarding the impact of the prior ruling as to the named plaintiff on the certification analysis. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) ("The 1966 amendments were designed, in part, specifically to mend this perceived defect in the former Rule and to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments"); *see also Amati v. City of Woodstock*, 176 F.3d 952, 957 (7th Cir. 1999) ("The rule bars potential class members from waiting on the sidelines to see how the lawsuit turns out and, if a judgment for the class is entered, intervening to take advantage of the judgment.").

## IV.    Plaintiff's Reply Points To No Evidence

In response to Defendant's position in its Opposition that Plaintiff has simply provided no

---

[5] The Court also made no finding on summary judgment regarding Plaintiff's hours of work, which remain a subject of dispute.

[6] 306 F.3d 1217, 1225 (2d Cir. 2002).

evidence in support of her certification application, Plaintiff builds a house of cards consisting of: "Humana's judicial admissions, sworn testimony from Humana's 30(b)(6) witness, and the Court's prior rulings in this case to support her motion." Reply at 9. As discussed above, the first and last of these are legal doctrines which do not support Plaintiff's position. As concerns the other item, Defendant's 30(b)(6) testimony, it fares no better. The Declaration Plaintiff cites (Reply at 7 citing Dkt. 67) does not relate to wage statements in any way, and discusses only continued classification of certain employees under the companionship exemption. The deposition testimony (Dkt 160-1) discusses the same classification decision, then discusses the Caregiver Agreement given to Plaintiff at time of hire. *Id.* This testimony also does not relate to wage statements, which Plaintiff's Reply makes clear is the theory she is proceeding under (Reply at 9-10).[7]

## V.   **CONCLUSION**

Plaintiff's Reply in support of her motion for certification tries to wallpaper over the holes in her original certification application with legal arguments that simply do not apply. The Court's summary judgment order as to Plaintiff is simply that, and no more. Her attempt to, without sufficient evidentiary support, identify a class properly certifiable in this action in the wake of the *Kinkead* certification order fails, and renewed motion for class certification should be denied.

Dated: Melville, New York
      January 31, 2020

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

---

[7] The Caregiver Agreement was provided at time of hire, along with a separate WTPA notice. Dkt. 163-8.

4

90 State House Square, 8th Fl.
Hartford, Connecticut 06103
(860) 522-0404

By: _____

NOEL P. TRIPP, ESQ.
DAVID R. GOLDER, ESQ.

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 31, 2020, the enclosed **DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF CLASS CERTIFICATION** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service, upon the following parties and participants:

JON L. NORINSBERG, ESQ.
BENNITTA L. JOSEPH, ESQ.
CHAYA M. GOURARIE, ESQ.
JOSEPH & NORINSBERG
*ATTORNEYS FOR PLAINTIFF*
225 Broadway, Ste. 2700
New York, New York  10007

NOEL P. TRIPPP, ESQ.

4815-8527-5827, v. 3